1   Paul W. Allen, Esq. (CA Bar # 261319)
    HILL, PIIBE & VILLEGAS, Attorneys at Law
2   523 West Sixth Street, Suite 737
    Los Angeles, California 90014
3   Tel: (213) 622-8775
    Fax: (213) 622-5383
4

**FILED**

OCT - 2 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

5   Attorneys for Petitioner, Antonio Rodriguez-Lugo

6

7

8                       UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF CALIFORNIA
9
    **'09 CV 2174 BEN          AJB**

10                                      )   Case No. 75 1336, Criminal
                                        )
11  UNITED STATES OF AMERICA,           )   Notice of Motion and Motion to Vacate in the
                                        )   Nature of a Petition for Writ of Error *coram*
12       Plaintiff,                     )   *nobis* Pursuant to 28 USC § 1651(a);
                                        )   Documents in Support Thereof.
13           v.                         )
                                        )
14  Antonio RODRIGUEZ-LUGO,             )
                                        )   Date:          _____
15       Defendant/ Petitioner.         )   Time:          _____
                                        )   Division:      _____
16

17  To the United States District Court for the Southern District of California, Honorable Howard B.

18  Turrentine, Judge Presiding, and to the United States Attorney:

19

20  PLEASE TAKE NOTICE that on _____, at the hour of _____ or as soon thereafter as

21  the matter may be heard in Division _____ of the above-entitled Court, the Defendant/ Petitioner

22  will move for an order vacating the judgment of conviction entered in the above entitled cause by

23  this Court on September 15, 1975 (for violation of 21 USC § 841(a)(1)), by Petition for Writ of

24  Error *coram nobis* brought pursuant to 28 USC § 1651(a).

25

26  *10-2-09*                              *Paul W Allen*
    Date                                   Paul W. Allen, Esq.
27                                         Attorney for Defendant/ Petitioner

28
    _____
    Petition for Writ of Error *coram nobis* Pursuant to 28 USC § 1651(a)        Case No. 75 1336

    pwa

# Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

MOTION TO VACATE IN THE NATURE OF A PETITION FOR WRIT OF
ERROR *CORAM NOBIS* PURSUANT TO 28 USC § 1651(A) . . . . . . . . . . . . . . . . . . . 1

Jurisdiction and Venue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Facts and Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Legal Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.   No "more usual remedy" is available to Mr. Lugo. . . . . . . . . . . . . . . . . . . . . . 6

II.  Valid reasons exist for Mr. Lugo's failure to challenge his conviction at
an earlier time. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III. Sufficient adverse consequences from Mr. Lugo's conviction still exist. . . . . . . 8

IV.  Fundamental error occurred when Mr. Lugo did not enter a "voluntary"
plea, and when he suffered ineffective assistance of counsel. . . . . . . . . . . . . . . 9

   A.  Mr. Lugo's plea was not voluntary because he was not
adequately advised of the "true nature of the charge" to
which he pled guilty. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

   B.  In the alternative, Mr. Lugo's plea was not voluntary because
he was not advised that his conviction would make him
ineligible for lawful permanent resident status in the United States. . . . . 12

   C.  Mr. Lugo also suffered from ineffective assistance of counsel
when his attorney failed to explain to him the full nature of the
charge to which he pled guilty, or to discuss potential defenses
to that charge. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

First Cause of Action: Violation of Fifth Amendment Procedural Due Process . . . . . . . . . . . . 16

Second Cause of Action: Violation of Sixth Amendment Right to
Effective Assistance of Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Prayer for Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## Table of Authorities

Statutory Authority

United States Constitution, Art. III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States Constitution, Amend. 5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 12, 16

United States Constitution, Amend. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 9, 10, 16, 17

F.R. Crim. P. 11 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11, 13

8 USC § 1182(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 13

8 USC §1255(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 USC § 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 USC § 841(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4, 5, 6, 10, 13, 14

21 USC § 846 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

21 USC § 862(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

21 USC § 862a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 USC § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

28 USC § 1651(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

28 USC § 2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


Cases

*Knowles v. Mirzayance*, ___ U.S. ___, 129 S.Ct. 1411 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Hill v. Lockhart*, 474 U.S. 52 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Strickland v. Washington*, 466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15, 16

*Alvord v. Wainwright*, 469 U.S. 956 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Edwards v. Arizona*, 451 U.S. 477 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Henderson v. Morgan*, 426 U.S. 637 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*McMann v. Richardson*, 397 U.S. 759 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States  v. Morgan*, 346 U.S. 502 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Smith v. O'Grady*, 312 U.S. 329, 334 (1941) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

1

2   *Johnson v. Zerbst*, 304 U.S. 458 (1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 15

3   *United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 7, 8, 14

4   *Park v. California*, 202 F.3d 1146 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5   *United States v. Amador-Leal*, 276 F.3d 511 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . 12, 13

6   *United States v. Littlejohn*, 224 F.3d 960 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

7   *Estate of McKinney v. United States*, 71 F.3d 779 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . 2

8   *Maghe v. Unites States*, 710 F.2d 503 (9 th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

9   *Fruchtman v. Kenton*, 531 F.2d 946 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

10  *United States v. Esogbue*, 357 F.3d 532 (5th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | **MOTION TO VACATE IN THE NATURE OF A PETITION FOR WRIT OF ERROR**
2 | ***CORAM NOBIS* PURSUANT TO 28 USC § 1651(A)**

3 |     Now comes the Defendant/ Petitioner, Antonio RODRIGUEZ-LUGO (also known as

4 | Antonio Lugo-Rodriguez) ("Mr. Lugo"), by and through undersigned counsel, moving the Court

5 | in the nature of a petition for writ of error *coram nobis* brought pursuant to 28 U.S.C. § 1651(a),

6 | to allow the withdrawal of his plea of guilty and to vacate the judgment of conviction, entered in

7 | the above entitled cause. Such a writ of error is appropriate in this matter, because:

8 |     (1) his plea of guilty, entered on August 5, 1975, pursuant to which he was convicted

9 |         on September 15, 1975, was not intelligent or voluntary as required by the due

10 |        process clause of the Fifth Amendment to the United States Constitution; and

11 |     (2) Mr. Lugo suffered ineffective assistance of counsel under the Sixth Amendment to

12 |        the United States Constitution, because his counsel did not explain to Mr. Lugo

13 |        the full nature of the charges against him, or the possible defenses to those

14 |        charges.

16 |                        **Jurisdiction and Venue**

17 |     1. Mr. Lugo was a defendant in the above entitled action, Case No. 75 1336. On August

18 | 5, 1975, Mr. Lugo entered a plea of "guilty" in this Court, to a charge of violating 21 USC §

19 | 841(a)(1), for possession of marihuana with intent to distribute. On September 15, 1975, the

20 | Court entered a judgment of conviction in this matter, pursuant to Mr. Lugo's plea, and Mr. Lugo

21 | was sentenced to a term of imprisonment of three years. Tab B at 27. However, this sentence

22 | was suspended, upon the conditions that Mr. Lugo "be confined in a jail-type or treatment

23 | institution for a period of six months, and ... be placed on probation for a period of three years...."

24 | Tab B at 27. Mr. Lugo completed his time in custody. On July 2, 2001, Mr. Lugo attended a

25 | hearing before this Court regarding an Order to Show Cause that alleged a violation of his

26 | supervised release. At that hearing, the Court dismissed the Order to Show Cause, and

27 | terminated proceedings in this matter. Tab B at 28.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1651(a) (All Writs Act).  Furthermore, Mr. Lugo's Petition also raises federal questions, over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court may grant the relief requested by Mr. Lugo, in the form of vacating his conviction, pursuant to *U.S. v. Morgan*, 346 U.S. 502 (1954) (holding that the District Court in which judgement was entered has jurisdiction to vacate its judgment of conviction after completion of the sentence, pursuant to a writ of error *coram nobis*). The United States Court of Appeals for the Ninth Circuit has also recognized that "the writ of error *coram nobis* affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *Estate of McKinney By and Through McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995). *See also U.S. v. Kwan*, 407 F.3d 1005, 1010-11 (9th Cir. 2005) (similar).

4. As this is the Court in which Mr. Lugo's underlying criminal proceedings took place, venue is appropriate in this Court.

5. Finally, Mr. Lugo, as the defendant in the underlying proceedings, has standing to bring this petition.  He suffered "injury in fact" from his alleged involuntary plea of guilty and his resulting conviction: he was placed in prison for approximately five months, and he now faces severe immigration consequences because of the conviction, as discussed *infra*.

**Facts and Procedural History**

6. Mr. Lugo, who has resided in the United States since 1972, was placed into removal proceedings in 2003, at the federal immigration court located in Los Angeles, California. However, Mr. Lugo's proceedings were suspended for administrative reasons, and he did not appear in immigration court to discuss his removability with an immigration judge until July 22, 2008.  Tab D at 34, 42-43 ¶ 2.  The government has charged Mr. Lugo as "removable" from the United States pursuant to 8 USC §§ 1182(a)(6)(A)(i) (as an "alien present in the United States without being admitted or paroled...") and (a)(7)(A)(i)(I) (as an "alien not in possession of a valid unexpired immigrant visa, re-entry permit, border crossing identification card, or other valid

1   entry document required by this Act ....""). On March 13, 2009, Mr. Lugo was found to be

2   removable pursuant to these charges. Tab D at 43. He is scheduled to return to immigration

3   court on October 5, 2009, to file applications for relief from removal. Tab D at 43, ¶ 4.

4        7. Mr. Lugo is the beneficiary of an approved immigrant visa petition, filed on his behalf

5   by his United States citizen ("USC") wife, Ofelia Garay Lugo ("Ms. Lugo"). Ms. Lugo filed this

6   petition, on behalf of her husband, on April 13, 1992. Were it not for Mr. Lugo's conviction in

7   Case No. 75 1336, he would be eligible to seek lawful permanent resident status in the United

8   States pursuant to 8 USC §1255(i), and thus avoid removal. Tab D at 43, ¶ 4. However,

9   because his conviction in the above entitled action[1] constitutes "a violation of ... any law or

10   regulation of a State, the United States, or a foreign country relating to a controlled substance (as

11   defined in section 102 of the Controlled Substances Act (21 USC 802)," he is inadmissible to the

12   United States pursuant to 8 USC § 1182(a)(2)(i)(II). Therefore, he is ineligible to adjust his

13   status to that of a lawful permanent resident under 8 USC §1255(i). Tab D at 34.

14       8. The criminal charges in Case No. 75 1336 stem from the arrest of Mr. Lugo and his

15   acquaintance, "Benny Avalos-Perez ("Mr. Avalos")," by "Customs Patrol Officers" on July 16,

16   1975. Mr. Lugo and Mr. Avalos were subsequently indicted under the following counts:

17

18     [1]Undersigned counsel obtained copies of the Court's documents regarding proceedings
that took place in this matter in 1975, and copies of those documents are attached (duplicate

19   documents excluded). Tab B at 5-27. Undersigned counsel also contacted the Court Reporters
Office for this Court, but was informed that all court reporter notes are destroyed after twenty

20   years, and therefore no transcript of proceedings is available in this matter. Undersigned counsel

21   also attempted to locate and contact "C.J. Carlson," the attorney appointed by the Court on July
17, 1975 to represent Mr. Lugo. Tab B at 12. The Federal Defenders Office has informed

22   undersigned counsel that it had no file relating to Case No. 75 1336, and no individual named

23   "C.J. Carlson" had ever been employed by the Federal Defenders Office. Tab B at 29.
Therefore, it appears that "C.J. Carlson" was a private attorney appointed by the Court to

24   represent Mr. Lugo.

25     Undersigned counsel conducted a search for "C.J. Carlson" on the California Bar
Association web-site. This search resulted in a single match: Clarence J. Carlson, Esq.

26   Unfortunately, Mr. Carlson's status was listed as "deceased." Undersigned counsel has thus been
unable to obtain any further documentation regarding Mr. Lugo's proceedings or representation

27   in this matter.

28

COUNT ONE: conspiracy to violate 21 USC §§ 841(a)(1) and 846, for "knowingly and
    intentionally possess[ing], with intent to distribute approximately 425 pounds of
    marihuana, a Schedule I Controlled Substance"; and

COUNT TWO: violation of 21 USC § 841(a), for "knowingly and intentionally
    possess[ing], with intent to distribute approximately 425 pounds of marihuana, a
    Schedule I Controlled Substance."

Tab B at 5-7.  It was also charged that, in furtherance of the conspiracy alleged in Count One,
"defendant ANTONIO RODRIGUEZ-LUGO drove a vehicle in the Southern District of
California." Tab B at 6.

    9. Prior to his arrest on July 16, 1975, Mr. Lugo had no knowledge that the car he was
driving that day contained "marihuana," or any other controlled substance. Tab A at 1, ¶¶ 5-6.
Mr. Lugo only learned that the car contained marihuana when he was arrested, and officers
removed marihuana from the trunk of the car.  Tab A at 1, ¶ 6.

    10. At the time of his arrest, and during his subsequent Court proceedings in 1975, Mr.
Lugo did not speak or understand English.  Tab A at 2, ¶ 7.  At his initial arraignment, which
apparently took place on July 17, 1975, the Court, through an interpreter, informed Mr. Lugo of
his right to an attorney and of his right to a trial. Tab A at 2, ¶ 7.  At the July 17, 1975 hearing,
the Court also appointed an attorney, identified as "C.J. Carlson," to represent Mr. Lugo.  Tab A
at 2, ¶ 7; Tab B at 12.  Mr. Lugo's arraignment was continued by the Court until July 25, 1975,
then to August 1, 1975.  Tab B at 12, 14.  On August 1, 1975, proceedings were continued to
August 5, 1975.  Tab B at 15.

    11. At his hearing on August 5, 1975, Mr. Lugo's attorney informed Mr. Lugo that if he
pled guilty to one of the charges against him, he "would only have to spend about six months in
jail." Tab A at 2, ¶ 9.  Because of his lack of understanding of English, as well as his
unfamiliarity with the criminal court system in 1975, Mr. Lugo only understood that he had been
charged with "possession of marihuana," and he did not understand that he had been charged
with having possessed marihuana with an intent to sell or distribute such marihuana.  Tab A at 2,

¶ 10. Because he had been found in a car containing marihuana, he did not believe that he could successfully defend himself at trial. Tab A at 2, ¶ 9. He did not understand that in order to be found guilty of the charges against him, it would have to be established that he had knowledge that he was driving a car containing a controlled substance, and that he had intended to distribute the controlled substance. Tab A at 3, ¶ 12. At no time in his proceedings was it explained to Mr. Lugo, in a manner that he understood, that, in order to be found guilty of the charges against him, the prosecutor would have to establish that Mr. Lugo had knowledge of the marihuana in the car he was driving, and that Mr. Lugo intended to distribute that marihuana. Tab A at 3, ¶ 12.

12. On August 5, 1975, without an adequate explanation from either his attorney or the Court regarding the full nature of the charges against him, Mr. Lugo agreed to plead guilty to COUNT TWO, for violation of 21 USC § 841(a)(1). Tab A at 2-3, ¶¶ 10-12.

13. Mr. Lugo has submitted a Declaration, signed under the penalty of perjury, asserting that had he been made aware of the full nature of the charges, and had his possible defenses to these charges been explained to him, he would not have entered a plea of guilty. Tab A at 2-3, ¶¶ 10-12. Mr. Lugo asserts that he was never asked, by his attorney or by the Court, whether he was aware, at any time prior to his arrest, that he was transporting marihuana. Tab A at 2, ¶ 9.

14. Furthermore, when Mr. Lugo decided to plead guilty to violating 21 USC § 841(a)(1), he believed that the full extent of his punishment, were he convicted based upon that plea, would be to spend approximately six months in prison, and to serve three years probation. Tab A at 2, ¶ 10. When Mr. Lugo entered his plea, on August 5, 1975, and when the Court entered judgment in this matter, on September 15, 1975, Mr. Lugo had no knowledge that a conviction in this matter would render him ineligible for admission into the United States and make him ineligible for lawful resident status. Tab A at 3, ¶ 11. Mr. Lugo was never informed, in a manner that he understood, either by the Court or by his appointed attorney, that a conviction in this matter would render him ineligible for admission into the United States and make him ineligible for lawful resident status.

15. Mr. Lugo did not learn until 2009, when he and his attorneys began to pursue potential forms of relief from removal – and the full consequences of his conviction in this matter became clear – that his conviction for violating 21 USC § 841(a)(1) would preclude him from obtaining relief from removal (formerly deportation) from the United States. It was only on August 25, 2009, after conducting extensive research into Mr. Lugo's conviction in this matter and into his eligibility for lawful residence not withstanding that conviction, that his current immigration attorney informed him that it would be necessary to have his conviction in this matter vacated. Tab D at 44, ¶ 5. Had Mr. Lugo been aware of the immigration consequences of his guilty plea and subsequent conviction in this matter, he would not have entered a plea of guilty, but instead would have proceeded to trial.

### Legal Argument

11. Mr. Lugo presents the following legal claims: (1) because he was not adequately advised of the full nature of the charges against him, or of the ineligibility for lawful resident status in which a conviction would result, his plea of guilty in this matter was not "voluntary"; and (2) because his attorney did not discuss the full nature of the charge to which he pled guilty, or the possible defense to that charge, he suffered from ineffective assistance of counsel when he entered his plea of guilty on August 5, 1975.

12. For a Court to grant *coram nobis* relief, "four requirements must be satisfied. Those requirements are: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Kwan*, 407 F.3d at 1011.

I.    **No "more usual remedy" is available to Mr. Lugo.**

13. As Mr. Lugo is no longer in custody, he can not avail himself to relief by filing a petition for a writ of *habeas corpus*, pursuant to 28 USC § 2255. Therefore, *coram nobis* is the

1  only remedy still available to Mr. Lugo. *See id.* at 1012 (finding that the petitioner, who was no

2  longer in custody, had no other "more usual remedy" than *coram nobis* with which to challenge a

3  conviction that resulted in severe immigration consequences several years after the initial entry of

4  the plea).

5

6  **II.    Valid reasons exist for Mr. Lugo's failure to challenge his conviction at an earlier**
        **time.**
7

8       14. In *Kwan*, the Ninth Circuit stated that while there is no statute of limitations for filing

9  a *coram nobis* petition, it would not find a valid reason for a petitioner's delay in seeking relief

10 where the "petitioner has delayed for no reason whatsoever." *Id.* at 1013-14 (*citing Maghe v.*

11 *United States*, 710 F.2d 503, 503-04 (9th Cir 1983), where *coram nobis* relief was denied on the

12 ground that the petitioner had sought *coram nobis* relief twenty five years after the collateral

13 consequences of the conviction in question became clear, and without offering an explanation for

14 the delay). Mr. Lugo's impending removal from the United States only became a reality on

15 March 13, 2009, when he was found to be removable. He can now only avoid such removal if

16 his conviction in this matter is vacated. He has diligently taken steps to pursue such relief,

17 including retaining counsel to obtain documents relating to his conviction in this matter and to

18 research possible means of post-conviction relief, and to submit the instant Petition.

19      15. In *Kwan*, the Ninth Circuit found that the petitioner "provided a reasonable

20 explanation for not challenging his conviction [entered in 1996] earlier" when the petitioner, who

21 was charged as removable by the government in 1997 because of his 1996 conviction, waited

22 until 2002 to seek *coram nobis* relief regarding that conviction. *Kwan*, 407 F.3d at 1013. In

23 *Kwan*, the Court held that because it only became apparent that the petitioner had been

24 misadvised by his attorney regarding the immigration consequences of his conviction when he

25 was actually found to be removable in 2001, that the petitioner only had reason to seek *coram*

26 *nobis* relief at that time. *See id.* Seeking such relief in 2002, after all means of potential relief

27 from removal in front of the immigration court had been exhausted, did not constitute

28

1    unreasonable delay by the petitioner.  *See id.*  Like the petitioner in *Kwan*, Mr. Lugo was only

2    faced with the full consequences of his conviction – removal from the United States – many

3    years after his conviction was entered.  And, like the petitioner in *Kwan*, Mr. Lugo acted with

4    reasonable diligence to seek *coram nobis* relief when it became clear that his conviction in this

5    case would have immigration consequences that he had not been made aware of when he pled

6    guilty in 1975, or even when his immigration proceedings were initiated in 2003.  Furthermore,

7    there is no evidence that Mr. Lugo is attempting to "abuse the writ of *coram nobis*."  *Id.* at 1014.

8    Because he did not face the severe collateral immigration consequences of his conviction prior to

9    being found removable in immigration court, he has provided a valid reason "for not challenging

10   his conviction earlier."  *Id.*

11

12   **III.    Sufficient adverse consequences from Mr. Lugo's conviction still exist.**

13         16. The Ninth Circuit has held that the "case or controversy" requirement of Article III of

14   the United States Constitution is satisfied where the "possibility of deportation" is a potential

15   adverse consequence of the conviction at issue.  *Id.* (*citing Park v. California*, 202 F.3d 1146,

16   1148 (9th Cir. 2000) (holding that deportation is an "actual consequence" of a conviction);

17   *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (finding the collateral consequence

18   of deportation sufficient to establish jurisdiction over a *coram nobis* petition).  Mr. Lugo has

19   been found to be removable from the United States.  Because of his conviction in this case, he is

20   ineligible for relief from such removal.  Therefore, his conviction in this case will result in his

21   removal (the term Congress substituted for deportation with the enactment of the Illegal

22   Immigration Reform and Immigrant Responsibility Act in 1997) from the United States, and he

23   has satisfied the "case or controversy" requirement of Article III.

24

25

26

27

28

**IV.    Fundamental error occurred when Mr. Lugo did not enter a "voluntary" plea, and when he suffered ineffective assistance of counsel.**

17. Mr. Lugo must establish that "fundamental error" occurred in his proceedings. Such fundamental error may be found when a plea is not intelligent or voluntary, in violation of the due process clause of the Fifth Amendment, or when effective assistance of counsel as required by the Sixth Amendment is denied.

**A.    Mr. Lugo's plea was not voluntary because he was not adequately advised of the "true nature of the charge" to which he pled guilty.**

18. Due process requires that the entry of any plea of guilty be knowing and voluntary for a conviction based upon that plea to be valid. A plea can "not be voluntary in the sense that it constituted an intelligent admission that he committed the offense unless the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Henderson v. Morgan*, 426 U.S. 637, 644 (1976) (holding that where defendant was not advised that "an intent to kill" was an element to second degree murder, this failure to advise rendered the defendant's plea of guilty to second degree murder involuntary) (*citing Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). The *Henderson* Court held that while it may not be required that a Court describe "every element of the charge" for the true nature of that charge to be conveyed to the defendant, "intent is such a critical element of the offense ... that notice of that element is required." *Id.* at 647, n. 18. Rule 11(b)(1)(G) of the Federal Rules of Criminal Procedure, which became effective on August 1, 1976,[2] has codified this due process requirement, stating when accepting a plea "the court must address the defendant personally in open court.... [and] the court must inform the defendant of, and determine that the defendant understands, the nature of each charge to which the defendant is pleading." A failure to follow

_____

[2] Although Rule 11 became effective subsequent to the proceedings in question, it does provide a useful guide for analyzing whether a defendant's plea was received by the Court in accordance with the requirements of the due process clause.

1  the requirements of Rule 11 only constitutes "harmless error if it does not affect substantial
2  rights."

3      19. Mr. Lugo pled guilty to "*knowingly* and *intentionally* possess[ing], with *intent* to
4  distribute, approximately 425 pounds of marihuana, a Schedule I Controlled Substance. ..."
5  (emphasis added). Had he proceeded to trial, he could not have been convicted unless the
6  prosecution had proven, beyond a reasonable doubt, that he "intentionally" possessed marijuana,
7  and that he "intended" to distribute that marijuana. Like the defendant in *Henderson*, intent was
8  such a "critical element" of the crime to which Mr. Lugo pled guilty that the failure to provide an
9  advisal (that Mr. Lugo understood) of this "intent" element rendered his plea involuntary, "and
10  the judgment of conviction was entered without due process of law." *Id.* Furthermore,
11  considering this valid potential defense of a lack of requisite knowledge and intent, the failure to
12  properly advise Mr. Lugo of the "intent" element of section 21 U.S.C. § 841(a)(1) did not
13  constitute harmless error. *See Henderson*, 426 U.S. at 647 (finding that where the defendant
14  might have reasonably been convicted of a lesser charge of manslaughter had he proceeded to
15  trial subsequent to being properly advised of the nature of the charge to which he involuntarily
16  pled guilty, the error was not harmless).

17      20. Mr. Lugo, as the Petitioner in this matter, has the burden to establish by a
18  preponderance of the evidence that he was denied his constitutional right to a complete
19  explanation of the true nature of the charge to which he pled guilty. *See, e.g., Johnson v. Zerbst*,
20  304 U.S. 458, 468-69 (1938) (holding that such a burden existed where the petitioner sought to
21  set aside a conviction by collateral attack based upon the denial of his Sixth Amendment right to
22  counsel) (overruled, in part, on separate grounds by *Edwards v. Arizona*, 451 U.S. 477 (1981).
23  As indicated, *supra*, Mr. Lugo has submitted a signed Declaration asserting that he was never
24  asked by the Court, or by his attorney, whether he had known he was in possession of, or whether
25  he had intended to possess, the marihuana in question. He has set forth in his Declaration that he
26  was not asked whether he intended to distribute such marihuana. He has submitted that he was
27  never informed that, to be found guilty of violating 21 U.S.C. § 841(a)(1), the prosecution would

28

1   have to prove that he had knowledge of the marihuana that he was transporting, and that he

2   intended to distribute such marihuana.

3        21. The Court's file does contain a mark in the minute order for the hearing that took

4   place on July 17, 1975, indicating that "Defts arraigned, informed of complaint, right to counsel,

5   indictment and preliminary information." Tab B at 12. However, even if a full explanation of the

6   charges was provided to Mr. Lugo on July 17, 1975 – and he contends that no such full

7   explanation was provided in any manner that he understood – the failure to make such an

8   explanation to Mr. Lugo on August 5, 1975 or on September 15, 10975 would still render his

9   plea on that date involuntary. There is no indication in the file that the "real notice of the true

10  nature of the charge against him" was provided when he entered his plea, or when the conviction

11  was entered. *See, e.g.*, Fed. Rule Crim. P. 11(b)(1)(G) (requiring that a court explain the full

12  nature of the plea at the time the plea is taken). The "Judgment and Commitment" Order of the

13  Court, entered on September 15, 1975, simply states, in boilerplate form, that "the court having

14  asked the defendant whether he has anything to say why judgment should not be pronounced, and

15  no sufficient cause to the contrary being shown or appearing to the court, IT IS ADJUDGED that

16  the defendant is guilty as charged and convicted." However, if Mr. Lugo was not aware of the

17  full nature of the charge to which he pled, he would have had no reason to challenge the

18  judgment based upon his lack of understanding.

19       22. Mr. Lugo has asserted, under penalty of perjury, that all he understood of the Court's

20  explanation of the charges against him is that he "had been charged with a drug crime."

21  Furthermore, Mr. Lugo asserts "I thought because I had been found in a car with drugs in it, there

22  was nothing I could do to avoid being convicted of a crime or going to jail." Tab A at 2, ¶ 9.

23  There is no evidence in the available record to contradict Mr. Lugo's assertions. And

24  considering Mr. Lugo's valid potential defense – that he was unaware of the marihuana in the car

25  he was driving, as well as his lack of intent to distribute any controlled substance – it is more

26  likely than not that he was not properly advised of the full and true nature of the charge to which

27  he pled guilty.

28

Petition for Writ of Error *coram nobis* Pursuant to 28 USC § 1651(a)            Case No. 75 1336

22. The failure to properly advise Mr. Lugo of the full nature and elements of the charge to which he pled guilty violated the due process clause of the Fifth Amendment. Such a constitutional violation constitutes "fundamental error" in his proceedings, and necessitates that his conviction be vacated.

**B.  In the alternative, Mr. Lugo's plea was not voluntary because he was not advised that his conviction would make him ineligible for lawful permanent resident status in the United States.**

23. In *Frutchman v. Kenton*, 531 F.2d 946, 949 (9th Cir. 1976), the Ninth Circuit held that a failure by the district court to advise a defendant, who was a lawful permanent resident of the United States, that a conviction would subject the defendant to possible deportation proceedings did not constitute "fundamental error" because such deportation proceedings were a "collateral consequence" of the conviction, and therefore the district court was not required to advise the defendant that potential deportation proceedings could result from his plea and conviction. Central to this holding was the finding that because the district court had "no control ... [or] responsibility" over the former Immigration and Naturalization Service's decision to initiate deportation proceedings or to order an individual to be deported, it had no duty under the due process clause to advise the defendant of such consequences. *Id.*

20. In *United States v. Littlejohn*, 224 F.3d 960 (9th Cir. 2000), the Ninth Circuit again addressed the issue of what constituted a "direct," as opposed to a "collateral," consequence of a criminal conviction. The Ninth Circuit considered the question of whether a failure by a trial court to advise a defendant that, if a guilty plea was entered, the defendant would become automatically ineligible for certain food stamp benefits under 21 USC §§ 862(a) and 862a, was a failure to advise the defendant of a direct consequence of a guilty plea. The Ninth Circuit held that because, under section 862a, the instant conviction would automatically render the defendant ineligible for such benefits, the loss of eligibility was a direct consequence of his plea. As such a "direct" consequence of which the district court had full knowledge, the district court was

---

1  required under due process and Rule 11 to advise the defendant of such a consequence before

2  entering the plea.

3      21. In 2002, the Ninth Circuit again considered whether deportation was a direct or

4  collateral consequence of a conviction. *See United States v. Amador-Leal*, 276 F.3d 511 (9th Cir.

5  2002). In *Amador-Leal*, it was found that *Fructhman's* holding was still good law, because

6  deportation still depended upon the discretion and actions of a separate agency. The court in

7  *Amador-Leal* contrasted the circumstances in *Littlejohn*, where the decision regarding

8  *ineligibility* for "certain social security and food stamp benefits" was not left to an agency

9  separate from the trial court. Mr. Lugo's situation is slightly, though meaningfully,

10 distinguishable from both *Fruchtman* and *Amador-Leal*, and analogous to the facts of *Littlejohn*.

11 In *Fruchtman* and *Amador-Leal*, because deportation and relief from such deportation depended

12 on proceedings initiated and carried by the former Immigration and Naturalization Service (now

13 the Department of Homeland Security), "agencies over which the trial judge has no control,"

14 deportation and ineligibility for relief in deportation proceedings were classified as collateral

15 consequences.

16     22. Mr. Lugo, however, is not asserting that his potential removal/deportation is a direct

17 consequence of his conviction – although it is a severe collateral consequence of his conviction.

18 He is, however, asserting that his automatic ineligibility for lawful permanent residence under 8

19 USC § 1182(a)(2)(A)(i)(II) is an ineligibility that arises from his conviction regardless of any

20 actions taken by the Department of Homeland Security. Such ineligibility, similar to ineligibility

21 for food stamps and social security benefits, is automatic from his conviction. The fact that food

22 stamps and social security benefits must be obtained from an agency outside the district court did

23 not prevent the court in *Littlejohn* from finding that automatic ineligibility for such benefits was

24 a "direct" consequence of a conviction. For similar reasons, automatic ineligibility for lawful

25 permanent residence – which, in this case, would provide Mr. Lugo relief from removal – is also

26 a "direct" consequence of his conviction. The lack of an advisal from the Court regarding this

27 direct consequence was fundamental error.

28

23. As discussed, *supra*, Mr. Lugo must establish by a preponderance of the evidence that he was not advised that, if he pled guilty and was convicted of 21 USC § 841(a), he would become immediately inadmissible and ineligible for lawful resident status. In his Declaration, he has asserted that potential immigration consequences, including eligibility for lawful resident status or future lawful admission into the United States, were not discussed with him during his proceeding sin this matter. The only mention of his alien status in the record is a term of his probation, which states that "if and when he is deported from the United States that he not reenter without lawful permission." This statement does nothing to contradict Mr. Lugo's assertions regarding what information he was provided regarding his immigration status. In fact, this term of probation indicates that "reent[ry] with lawful permission" would remain a reasonable possibility for Mr. Lugo. The available evidence indicates that it is more likely than not that Mr. Lugo was not advised that a conviction for violating 21 U.S.C. § 841(a)(1) would render him automatically inadmissible and ineligible for lawful resident status.

**C.    Mr. Lugo also suffered from ineffective assistance of counsel when his attorney failed to explain to him the full nature of the charge to which he pled guilty, or to discuss potential defenses to that charge.**

24. Ineffective assistance of counsel constitutes fundamental error such that a petition for *coram nobis* relief should be sustained, and the judgment of conviction vacated. *See Kwan*, 407 F.3d at 1018. To establish ineffective assistance of counsel, the defendant must demonstrate that: (1) counsel's performance fell below an objective standard of reasonableness and (2) prejudice resulted from that ineffective assistance. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). Prejudice exists when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The *Strickland* standard applies to claims of ineffective assistance of counsel relating to the entry of a guilty plea in criminal proceedings. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985).

25. First, the failure by Mr. Lugo's counsel to discuss the full nature of the charges with Mr. Lugo prevented Mr. Lugo from learning that his lack of knowledge and intent regarding the

1  marihuana in the car he was driving would be a valid defense, and likely the only valid defense,

2  against the charges brought by the prosecution. It also apparently prevented Mr. Lugo's attorney

3  from learning that Mr. Lugo did not have any knowledge of the marihuana in the car or any intent

4  to distribute this marihuana. Such a failure to advise and explain falls below an objective

5  standard of reasonable conduct by an attorney, because it (1) prevented Mr. Lugo's attorney from

6  investigating, and thus making a reasonable decision regarding, what appears to have been the

7  only valid defense that Mr. Lugo could have raised in this matter, and (2) prevented Mr. Lugo

8  from making a "voluntary" and fully informed decision regarding his guilty plea, as discussed

9  *supra. See Knowles v. Mirzayance*, ___ U.S. ___, 129 S. Ct. 1411, 1421 (2009) (requiring that

10  counsel at least have a "reasonable appraisal of a ... claim's prospects for success" before

11  deciding that a defendant's potential claim be "dropped"); *see also Alvord v. Wainwright*, 469

12  U.S. 956, 959-61 (1984) (Marshall, J. and Brennan, J., dissenting) (stating that effective counsel

13  must "ensure that the client has access to information relevant to the pretrial and trial decisions ...

14  such as whether ... to waive a jury trial" and "counsel must make a reasonable investigation into

15  the only plausible line of defense") (citing *McMann v. Richardson*, 397 U.S. 759, 769-770

16  (stating that, prior to a plea, counsel must provide advice that will help assure a plea is voluntary

17  and intelligent, and also that the accused is reasonably well informed regarding the relevant facts

18  and law surrounding the case); *Strickland*, 466 U.S. at 685 (recognizing that effective counsel

19  must give a defendant "ample opportunity to meet the case of the prosecution") (internal citations

20  omitted).

21       26. As discussed, *supra*, Mr. Lugo has submitted a Declaration, signed under penalty of

22  perjury, stating that his attorney never discussed with him whether he had any knowledge of, or

23  intent to distribute, the marihuana in the car he was driving. Mr. Lugo also states that his

24  attorney never discussed the full nature of the charge to which he ultimately pled guilty. The

25  facts surrounding Mr. Lugo's case – primarily the fact that Mr. Lugo could not have been

26  convicted absent proof beyond a reasonable doubt of his knowledge and intent regarding the

27  marihuana in question – corroborate his assertions, and make it more likely than not that neither

28

1   the full nature of the charges against Mr. Lugo, nor the full nature of the most plausible defense

2   to these charges, were ever fully explained by his attorney. *See Johnson*, 304 U.S. at 468-69

3   (requiring that the defendant establish the underlying conduct of his attorney, which constitutes

4   the claim of ineffective assistance, by a preponderance of the evidence).

5       27. Second, the ineffective assistance, discussed *supra* ¶ 26, precluded Mr. Lugo from

6   making a voluntary and fully informed decision regarding his guilty plea (and his decision to

7   waive his right to a trial), and it prevented him from pursuing a valid defense. Therefore, he was

8   prejudiced by his counsel's conduct – instead of pursuing a defense at trial that would have likely

9   resulted in his being found not guilty (*see*, *supra*, ¶¶ 18-20, 22), he pled guilty and was convicted.

10  *See id.* at 694 (requiring that for prejudice to exist, the "[t]he defendant must show that there is a

11  reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

12  would have been different).

13      28. As Mr. Lugo has established ineffective assistance of counsel that resulted in his

14  pleading guilty to a charge he likely would not have been found guilty of violating at trial, his

15  guilty plea should be withdrawn, and his conviction in this matter vacated.

16

17                          **First Cause of Action**

18              **Violation of Fifth Amendment Procedural Due Process**

19      29. Mr. Lugo realleges and incorporates by reference each and every allegation contained

20  in the preceding paragraphs as if set forth fully herein.

21      30. Mr. Lugo requests that his plea of guilty in this matter be withdrawn and his

22  conviction vacated pursuant to a writ of error *coram nobis* because his plea was not voluntary as

23  required by the due process clause of the Fifth Amendment to the United States Constitution.

24

25

26

27

28

---

**Second Cause of Action**

**Violation of Sixth Amendment Right to Effective Assistance of Counsel**

31.  Petitioner realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

32. Mr. Lugo requests that his plea of guilty in this matter be withdrawn and his conviction vacated pursuant to a writ of error *coram nobis* because he did not receive effective assistance of counsel, as required by the Sixth Amendment to the United states Constitution, when he entered his guilty plea in this matter.

**Prayer for Relief**

WHEREFORE, Defendant/ Petitioner Antonio Rodriguez-Lugo respectfully requests the Court grant the following relief:

a. Recognize its jurisdiction in this matter;

b. Grant the writ of error *coram nobis* and allow the withdrawal of Mr. Lugo's plea of guilty in this matter;

c. Grant the writ of error *coram nobis* and order that Mr. Lugo's conviction in this matter be  vacated; and

d.  Grant such other relief as the Court deems appropriate.

Respectfully Submitted,

DATED: ___*10-2-09*___          HILL, PIIBE & VILLEGAS, Attorneys at Law

_Paul W Allen_
Paul W. Allen, Esq.
Attorney for Defendant/ Petitioner,
Antonio Rodriguez-Lugo

## SUPPORTING DOCUMENTS

| Tab | Description | Page(s) |
|---|---|---|
| A. | Declaration of Defendant/ Petitioner, Antonio Rodriguez-Lugo | 1-4 |
| B. | Documents Relating to Case. No 75 1336, | |

1. Copy of the Court's File
   - a. Indictment .......................................... 5-7
   - b. Complaint ........................................... 8-9
   - c. Felony Case Information Sheet, dated July 17, 1975 .......... 10
   - d. Appointment and Authority to pay Defense Counsel Form ..... 11
   - e. Minute Order for July 17, 1975 ......................... 12
   - f. Notice of Intent to Destroy Evidence ...................... 13
   - g. Minute Order for July 25, 1975 ......................... 14
   - h. Minute Order for August 1, 1975 ....................... 15
   - i. Disclosure Statement from Government ................ 16-20
   - j. Minute Order for August 5, 1975 ........................ 21
   - k. Order terminating Appointment fo Counsel for "Benny Avalos-Perez" ......................................... 22
   - l. Minute Order for September 8, 1975 .................... 23-24
   - m. Judgment and Commitment, dated September 8, 1975 ........ 25
   - n. Minute Order for September 15, 1975 .................... 26
   - o. Judgment and Commitment, dated September 15, 1975 ....... 27

2. Order to Terminate Order to Show Cause, dated July 2, 2001 ........ 28

3. Letter from Federal Defenders of San Diego, Inc., dated September 14, 2009 ......................................... 29

| C. | Letters Regarding Defendant/ Petitioner's Employment History | |

1. Letter from Donald Simington, President, DJS Contracting, dated September 22, 2009 ......................................... 30
2. Letter from Roger Blake, DJS Contracting, dated September 21, 2009 . 31
3. Letter from William H. Tucker, President, L&H Concrete, Inc., dated April 26, 1999 ....................................... 32
4. Letter from Darrin McMahan, Vice President, DDM Builders, Inc., dated April 13, 1999 ...................................... 33

| D. | Documents Relating to Defendant/ Petitioner's Immigration Proceedings | |

1. Notice to Appear, dated July 2, 2003 ......................... 34-36
2. September 10, 1992 Regarding Immigrant Visa Petition ............ 37
3. Marriage Certificate .......................................... 38
4. Naturalization Certificate of Defendant/ Petitioner's Wife ........... 39
5. Birth Certificate of Defendant/ Petitioner ...................... 40-41
6. Immigration Court Hearing Notice for Hearing on July 22, 2008 ...... 42
7. Declaration of Alary E. Piibe, Esq. .......................... 43-44

---

## DECLARATION OF ANTONIO RODRIGUEZ-LUGO

I, Antonio Rodriguez-Lugo, declare:

1. I was a defendant in <u>People v. Antonio Rodriguez-Lugo</u>, Case No. 75CR1336-T-1. I have personal knowledge of the facts set forth herein, and if called upon to testify, I could do so competently.

2. I was born in Mexico on September 2, 1954, and I came to the United States for the first time in about 1972.

3. When I came to the United States, I was able to find employment. I worked various jobs during my first years in the United States.

4. On about July 15, 1975, my friend "Benny" asked me to help him drive a car from Otai, California to Chula Vista, California. Benny told me he would give me $100 to help drive the car. He never told me that we would be transporting anything in the car.

5. On July 16, 1975, Benny and I drove to Otai, and picked up the new car. We did not leave the United States at that time. I never saw anyone put anything into the car we were picking up. We drove the car to Chula Vista, to the parking lot where Benny said we had to leave the car.

6. When Benny and I got out of the car, officers stopped us and arrested us. The officers told me to open the trunk of the car. I opened the trunk, and the officers found several sacks, which they said contained marihuana. This was the first time that I learned that there was anything being transported in the car we were driving, and it was only then that I learned that marihuana was in the car.

7. After being arrested, I was placed in jail. A few days after my arrest, I was sent to Court. I did not speak any English at this time, but an interpreter was present to translate what was said. In Court, the Judge said that I had been charged with a drug crime, and that I had a right to an attorney. The Judge then assigned an attorney to help me. I think the Judge said some other things at that hearing, but I did not understand very well what was happening in my case at that time.

8. At my next hearing, which took place about a week later, I was able to talk to my attorney for a few minutes, and he told me that I was being charged with a drug crime. At that hearing, the Judge said that he would continue my case a few more days. I returned to Court again about a week later.

9. At my next hearing, my attorney told me that if I pled guilty to one of the charges against me, I would only have to spend about six months in jail. Because I did not understand much of what was happening, and because I was afraid that I might be sentenced to more time in jail, I agreed to plead guilty. I thought that because I had been found in a car that had drugs in it, there was nothing I could do to avoid being convicted of a crime or going to jail. I do not remember ever being asked, either by the Judge or by my attorney, if I had known that the car I was driving had drugs in it, or whether I planned to sell any drugs. I did not understand everything that happened in Court on the day I entered my plea, and I now believe that I pled guilty to criminal charges that I did not fully understand.

10. When I entered my plea, I thought that six months in jail would be the full extent of my punishment in this case. I also did not understand at the time that I was pleading guilty to possession of marihuana for distribution or sale; I thought that I was only pleading to "possession of marihuana." It was only when I reviewed my Court records with my

attorneys in 2009 that I learned that I had been convicted of "possession of marihuana for sale."

11. During my proceedings in this case, neither my attorney nor anyone in the Court told me that if I pled guilty, and was convicted of violating 21 USC § 841(a), I would become inadmissible into the United States and that I would become ineligible for lawful resident status in the United States. I do not remember either my attorney or anyone in the Court ever discussing my immigration status with me.

12. Furthermore, during my proceedings, it was never explained to me, either by my attorney or by the Court, that in order to be found guilty of the charges against me, the prosecutor would have to prove that I knew about the drugs in the car before the police arrested me, and that I intended to participate in the sale and distribution of these drugs.

13. If I had known that pleading guilty would prevent me from ever being able to obtain lawful resident status in the United States, I would have tried to defend myself against the charges brought by the prosecutor. Looking back at my case, I think I may have been able to successfully defend myself, because I did not know that there were any drugs in the car until after I was arrested. Had I understood what evidence was necessary for the prosecutor to convict me of the crime, I would not have pled guilty.

14. At the time I was arrested, one of my goals was to obtain legal status in the United States. I wanted to build a life in this country. If I had been told that if I pled guilty, I would never be allowed to become a citizen or a lawful resident of the United States, I would have asked the Judge or my attorney if there was anything I could do to defend myself. At the time, I did not have a good understanding of my right to a trial, or of what evidence I would need to present in order to avoid being convicted of a crime.

---

**3**

the United States. If I had known this, I would not have pled guilty. I have worked hard to build a life for myself and my family in this country, and it is my home.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct to the best of my knowledge. This was executed in Los Angeles, California.

Date: 9/23/09

Antonio Rodriguez-Lugo

---

Declaration of Antonio Rodriguez-Lugo, Defendant in Case No. 75CR1336-T-1.                    Page 4

4

## OVERT ACT(S)

In pursuance of said conspiracy and to further the objects thereof, the following overt act(s), among others, was ~~were~~ committed in the Southern District of California and elsewhere:

On or about July 16, 1975, defendant ANTONIO RODRIGUEZ-LUGO drove a vehicle in the Southern District of California.

-2-

⊕ GPO : 1971 O - 437-738

1        COUNT TWO

2      Title 21, U.S.C., Sec. 841(a)(1)

3   On or about July 16, 1975,     in the Southern

4 District of California, defendant(s) ANTONIO RODRIGUEZ-LUGO

5  and BENNY AVALOS-PEREZ

6

7 did knowingly and intentionally possess,

8 with intent to distribute, approximately

9   425 pounds of marihuana,

10 a Schedule I Controlled Substance; in violation of Title 21,

11 United States Code, Section 841(a)(1).

12

13          A TRUE BILL:

14

15          *Michael Gene Geffen*
                Foreman

16

17

18

19 HARRY D. STEWARD
  United States Attorney

20

21 by *R.D. Krause*
   ROBERT D. KRAUSE

22   Asst. U. S. Attorney

23

24

25

26

27

28

29

30

31

32       -3-

7

Form A. O. 91 (Rev. 12-1-53)    Complaint

## FILED

# United States District Court

### FOR THE

JUL 17 1975    SOUTHERN DISTRICT OF CALIFORNIA    R2-75-0421(RFMcCoy)

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES OF AMERICA

v

Antonio (nmn) RODRIGUEZ-Lugo
and
Benny (nmn) AVALOS-Perez

Magistrate's Docket No. 75

Case No. 2002M

COMPLAINT for VIOLATION of

U.S.C. Title    21    21

Section    952,960, 963    841 (a)(1)

BEFORE _____,    San Diego, California ,
                Name of Magistrate                    Address of Magistrate

The undersigned complainant being duly sworn states:

That on or about  July 16       , 1975 , at  approximately 5:30 PM, at the Port of Entry

San Ysidro, San Diego, California                                              in the

Southern    District of California

(1)    Antonio RODRIGUEZ-Lugo and Benny AVALOS-Perez

did(2) knowingly and intentionally import and attempt to import a controlled substance
into the United States from a place outside thereof in violation of Title 21, United
States Code, Sections 952, 960, 963 and did knowingly and willfully possess with
intent to distribute a controlled substance in violation of Title 21, United States
Code, Section 841(a)(1), to wit: approximately 193 kilos of marihuana

And the complainant states that this complaint is based on information from Customs and
DEA officials, that Customs Patrol Officers set up on a marihuana stash found hidden
east of the Port of Entry. Driver Antonio RODRIGUEZ-Lugo and Passenger Benny AVALOS-Perez
arrived in a 1965 blue Oldsmobile bearing CALLIC 969-BXL. to pick up the marihuana.
After picking up the 193 kilos of marihuana they proceeded to the Safeway Parking Lot at
Palomar and Third Streets in Chula Vista, CA, where they were arrested with the 193
kilos of marihuana concealed in the trunk of the vehicle, The Customs Patrol Officers
had received information from concerned citizens who showed them where the marihuana was
hidden. The vehicle was seized by U. S. Customs. The seized vehicle is of unknown
registration at this time.

And the complainant further states that he believes that

are material witnesses in relation to this charge.

P. JOHNSON                                              
                            Signature of Complainant.

Special Agent/DRUG ENFORCEMENT ADMINISTRATION
                                    Official Title.

Sworn to before me, and subscribed in my presence, JUL 17 1975        , 19

Edward A. Infante                        
                            United States Magistrate.

(1) Insert name of accused.
(2) Insert statement of the essential facts constituting the offense charged.

FPI LC-7-71-100M-5890

2

8

Form A. O. 91 (Rev. 12-1-53)                                                    Complaint

# United States District Court
### FOR THE

SOUTHERN DISTRICT OF CALIFORNIA                    RECEIVED
                                                   JUL 17 9:14-175
                                                   (RFMcCoy)

UNITED STATES OF AMERICA                           Magistrate's Docket No.
                                                   Case No.
        v                   C.T. Carlson, apptd    COMPLAINT for VIOLATION of
                                                   9002N
Antonio (nmn) RODRIGUEZ-Lugo              U.S.C. Title    21                21
        and
Benny (nmn) AVALOS-Perez                  Section   952,960, 963      841 (a)(1)

                            Peter Clarke, apptd

BEFORE _____,        San Diego, California        ,
              Name of Magistrate                Address of Magistrate

The undersigned complainant being duly sworn states:

That on or about   July 16        , 1975 , at  approximately 5:30 PM, at the Port of Entry

San Ysidro, San Diego, California                                    in the

Southern        District of California

(1)    Antonio RODRIGUEZ-Lugo and Benny AVALOS-Perez

did(2) knowingly and intentionally import and attempt to import a controlled substance
into the United States from a place outside thereof in violation of Title 21, United
States Code, Sections 952, 960, 963 and did knowingly and willfully possess with
intent to distribute a controlled substance in violation of Title 21, United States
Code, Section 841(a)(1), to wit: approximately 193 kilos of marihuana


    And the complainant states that this complaint is based on  information from Customs and
DEA officials, that Customs Patrol Officers set up  on a marihuana stash found hidden
east of the Port of Entry.  Driver Antonio RODRIGUEZ-Luga and Passenger Benny AVALOS-Perez
arrived in a 1965 blue Oldsmobile bearing CALIC 969-BXL to pick up the marihuana.
After picking up the 193 kilos of marihuana they proceeded to the Safeway Parking Lot at
Palomar and Third Streets in Chula Vista, CA, where they were arrested with the 193
kilos of marihuana concealed in the trunk of the vehicle.  The Customs Patrol Officers
had received information from concerned citizens who showed them where the marihuana was
hidden.  The vehicle was seized by U. S. Customs.  The seized vehicle is of unknown
registration at this time.


                                           COMMITTED ABOVE
                                           PRISONER TO - MCC
        And the complainant further states that he believes that  THIS DATE

                                           JAMES R. LAFFOON,
                                           U. S. MARSHAL

                                           BY
                                           DEPUTY

are material witnesses in relation to this charge.

                                           P. JOHNSON
                                                            Signature of Complainant.

                                           Special Agent/DRUG ENFORCEMENT ADMINISTRATION
                                                            Official Title.

        Sworn to before me, and subscribed in my presence,  JUL 17 1975  , 19 ____.

                                           EDWARD A. INFANTE
                                                            United States Magistrate.

(1) Insert name of accused.                                 JUL 17 1975
(2) Insert statement of the essential facts constituting the offense.
                            Def't Arraigned: Date:
                            Pralim Exam: Date: 7-25-75 10AM Waived
                            Indictment Not Waived  Speaks Span. only
                            Bail set at: $10,000 C/S each
                            Bail Review Date:
                            To U.S. Marshal:  Temp.  Final Commit

9

UNITED STATES MAGISTRATE
FELONY CASE INFORMATION SHEET

DATE ___July 17_____, 19_75_    R2-75-0421(RFMcCoy)

OFFICER:   P. JOHNSON                          Docket No. _75_
TITLE:     Special Agent/DEA                   Case No. _2021M_

DEFENDANTS:   1. Antonio RODRIGUEZ-Lugo     3.
                 #1 Motoalismo
                 Tijuana, B. C., Mexico

              2. Benny AVALOS-Perez          4.
                 2483 Ave. De La Paz,Col.Buena Vista
                 Tijuana, B. C., Mexico

CHARGE:    21 USC 952, 960, 963 and 21 USC 841(a)(1)  Tape No._____
                                                      Begin_____

DATE COMMITTED:   07 16 75, Approx. 5:30 PM           End_____

PLACE:      Chula Vista, California

WARRANT:        Issued _____   Returned_____

SEARCH WARRANT:  Issued _____   Returned_____

|     | AGE | SEX | RACE | U.S. | FOREIGN | ATTORNEY |
|-----|-----|-----|------|------|---------|----------|
| (1) | 19  | M   | Cauc |      | Mexico  |          |
| (2) | 21  | M   | Cauc |      | Mexico  |          |
| (3) |     |     |      |      |         |          |
| (4) |     |     |      |      |         |          |

INITIAL HEARING BEFORE MAGISTRATE:_____

WAIVER OF INDICTMENT:_____

PRELIMINARY EXAMINATION:  DATE:_____  RESULT_____

BAIL AMOUNT:    1._____    3._____

                2._____    4._____

BAIL REVIEW:
     DATE: 1. _____   RESULT: 1. _____
     DATE: 2. _____   RESULT: 2. _____
     DATE: 3. _____   RESULT: 3. _____
     DATE: 4. _____   RESULT: 4. _____

TO U.S. MARSHAL_____

INDICTMENT OR INFORMATION FILED:  DATE_____  NO._____

BAIL BOND RECEIVED:   (CLERK AND DATE)

          1. _____    3._____

          2. _____    4._____

DOCKET AND ORIGINAL COMPLAINT FORWARDED TO CLERK: DATE_____

COMMENTS AND RECOMMENDATIONS:

BAIL RECOMMENDATION:  $10,000 C/S

D 10

Case 3:09-cr-... Document ... Filed ... Page ...

# APPOINTMENT OF AND AUTHORITY TO PAY DEFENSE COUNSEL

IN UNITED STATES ☐ MAGISTRATE ☐ DISTRICT ☐ APPEALS COURT or ☐ OTHER PANEL (Specify below)

IN THE CASE OF | FOR | LOCATION NUMBER

U.S.A. vs. SOUTHERN DISTRICT OF CALIF AT SAN DIEGO — 05501

ANTONIO RODRIGUEZ-LUGO

PROCEEDING (describe briefly)
ARRAIGNMENT

CHARGE/OFFENSE (describe if applicable & check box →) ☒ Felony ☐ Misdemeanor

U.S. or other code citation ▶ 21/952,960,963,841(a)(1)

DOCKET NUMBERS
Magistrate 75-2002M

VOUCHER NUMBER 393098

**Defendant types:**
1. ☒ Defendant – Adult
2. ☐ Defendant – Juvenile
3. ☐ Appellant
4. ☐ Probation Violator
5. ☐ Parole Violator
6. ☐ Habeas Petitioner
7. ☐ 2255 Petitioner
8. ☐ Material Witness
9. ☐ Other (Specify Below)

## COURT ORDER

☒ APPOINTING COUNSEL
☐ RATIFYING PRIOR SERVICE
☐ EXTENDING APPOINTMENT FOR APPEAL
☐ SUBSTITUTING COUNSEL FOR:

Signature of U.S. Judge or magistrate
EDWARD A. INFANTE   Date 7-17-75

FILED
JUL 17 1975
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

COUNSEL ☒ A PRIVATE ATTORNEY
PHONE NO. 234-3010
VOUCHER NUMBER ▶ 393098
SOCIAL SECURITY NO. 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

C. J. CARLSON
1200-3rd Ave, Suite 1504
San Diego, Claif.
ZIP CODE 92101

Copy 5– Filed in court clerk's office as soon as appointment made

11

... TES OF THE UNITED STATES DISTRICT ... RT
SOUTHERN DISTRICT OF CALIFORNIA

USA vs _Antonio Rodriguez-Lugs_
_Jimmy Avalos-Pena_                     No._75-2002 M_

__X_Present _Cust_ __X_In Custody __On Bond __O/R __NA __Prob

HON J. EDWARD HARRIS   HON HARRY R. MCCUE   _✓_HON EDWARD A. INFANTE
HON VICTOR E. BIANCHINI   HON                   Tape No._7-10 B_
    Deputy Clerk                              Begin:_2_
Millie Turner    Susan Monaco                End:_5_
Jeannie Hendricks  Patricia MacRostie
Toril Thornton   Judy Wenker        _M. Bruney_
Barbara Curnow                      Asst United States Attorney

PROCEEDINGS:

__Warrant issued   __Warrant returned:  __Executed   __Unexecuted

__Search warrant issued  __Returned:  __Executed  __Unexecuted

Atty for Defendant _Rodriguez: C. J. Carlson_      _this date_ __Appt _Retnd

                                              __Appt _Retnd

_CJA_ _Avalos: Peter Clarke_    _this date_ _Appt __Retnd

                                              __Appt _Retnd

_X_Deft arraigned, informed of complaint, right to counsel, indictment and
preliminary examination.

_X_Deft informed of right to trial in District Court, __Fld consent to
trial by magistrate

_X_Prelim. Exam/Removal hrg:  __Waived:  __Cont to _7-25-75  10 am_
__Held to answer;  __Case Dismissed;  __Ordered removed

_X_Bail set at _$10,000 C/S each_

__Bail Review:  __Cont _____  __Results:

__Posted forthwith or on

__Deft committed to U. S. Marshal in default of bail

__Plea:  __Guilty (count__)  __Not guilty (count__)  __Nolo contendere

__After trial defendant adjudged:  __Guilty  __Not guilty

__Govt motion to commit material witnesses:  __Granted  __Denied

__Material witnesses: Atty apptd
__Bail set at _____  __Bail Review date set

__Sentencing cont _____  __Presentence Rpt Ordered

_X_Other: _Govt filed notice of intent to destroy_
_all but samples of marijuana_

JUDGMENT

__Imposition of sentence suspended and probation __years  __Supervised
                                                  __months __Unsupervised

__Commtd to custody Atty Gen for imprisonment for

__Execution of sentence suspended & prob for  __years  __Supervised
                                               __months __Unsupervised
__Restitution ordered

__Fine $ _____  __Commtd pend pymt fine;  __Exec stayed until

__On mot US Atty  __Indictment dismissed;  __Information dismissed;
                  __Complaint dismissed;   __Remng counts dismissed
__Bond(s) exonerated

DATE: _7-17-75_                        INITIALS _Jax_
                                       Deputy Clerk

FILED

JUL 17 1975

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Magistrate's Number _____ 75-_____

Docket Number _____ 2002N

UNITED STATES OF AMERICA, )
)
                    Plaintiff, )
)
)
v. )
)
*Antonio Rodriguez-Lugo* )
)
)
*Benny Avalos-Perez* )
)
_____ )
)
_____ )
)
_____ )

NOTICE OF GOVERNMENT'S
INTENTION TO DESTROY ALL
BUT SAMPLES OF MARIJUANA
ON OR AFTER **7/31/75**

[14 days from date of
 arraignment on complaint]

        PLEASE BE ADVISED that because of the high storage and

security risks, the dangers of combustion and fire, and health

hazards due to insect, rodent, and plant disease infestation,

the government, unless notice is given, a showing made before

the magistrate, and the magistrate rules otherwise, will

automatically, on or after **7/31/75** , destroy

all but a sample, or samples, of the marijuana taken at random

from the **193** (kilograms) ~~(pounds)~~ seized in the above case.

        DATED: **7/17/75** .

                                HARRY D. STEWARD
                                United States Attorney

                        By _____

                                Assistant U. S. Attorney

3

Form M-1

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

*Antonio Bojorquez-Hugo*

USA vs *Benny Avalos-Berrigo*          No. *75—2002M*   Prob. _____

X Present   X In Custody   ___ On Bond   ___ O/R   ___ N/A
(both)

___ HON J. EDWARD HARRIS   ___ HON HARRY R. McCUE   X HON EDWARD A. INFANTE   Tape No. *112B*
___ HON VICTOR E. BIANCHINI
   Deputy Clerk                                        Begin: *3*
___ Millie Turner   ___ Susan Monaco                  End: *4*
___ Jeannie Hendricks   ___ Patricia MacRostie
___ Jill Thornton   X Judy Wenker         *M. Burey*
___ Barbara Curnow                       Asst United States Attorney

Atty for Defendant: *Rodriguez; CJ Carlson*    X Apptd   ___ Retnd
              *Na [Avalos; Peter Clarke]*    X Apptd   ___ Retnd
                   *(Subsitut. out)*         ___ Apptd   ___ Retnd
              *Avalos; David Krall*          ___ Apptd   X Retnd

PROCEEDINGS:

___ Bail review cont to _____   ___ Affirmed   ___ Reduced to _____

___ Bail review as to mat. witnesses   ___ Affirmed   ___ Cont to _____

___ Deft not appearing, on mot US Atty bond forfeited and B/W issued

___ B/W recalled   ___ Forfeiture set aside   ___ Bond reinstated
    X Arr (or Re) continued to *8-1-75 @ 10 am*

___ Deft arraigned   ___ Defts arraigned

___ Deft states T/N to be _____

___ Set for Omnibus Hearing for _____

___ Assigned to Judge _____ and continued to _____
    for ___ Plea   ___ Disposition   ___ Motion or trial setting   ___ further proceedings

___ Plea:   ___ Guilty (count ___)   ___ Not guilty (count ___)   ___ Nolo contendere

___ Waiver of Omnibus Hearing form filed

___ Hearing report P/O and sentence cont to _____

___ Information filed this date

___ Waiver of Indictment

___ Other: _____

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
                    JUDGMENT
___ Imposition of sentence suspended and probation ___ years   ___ Supervised
                                                    ___ months  ___ Unsupervised

___ Committed to custody Attorney General for imprisonment for a period of
    _____

___ Execution of sentence suspended and prob for ___ years   ___ Supervised
                                                  ___ months  ___ Unsupervised
___ Restitution ordered

___ Fine $ _____   ___ Commtd pend pymt fine   ___ exec stayed until _____

___ On motion US Atty   ___ Indictment dismissed   ___ Information dismissed

___ Bond(s) exonerated

DATE: *7/25/75*                    INITIALS _____
                                            Deputy Clerk

14

Form M-1

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

USA vs ___*Antonio Rodriguez-Lugo*___
___*Bennie Avalos-Perez*___           No. _75-1236_
_X_ Present  _X_ In Custody  __ On Bond  __ O/R  __ N/A  __ Prob.
(both)          (both)

HON J. EDWARD HARRIS   HON HARRY R. McCUE  _X_ HON EDWARD A. INFANTE
_X_ HON VICTOR E. BIANCHINI                       Tape No. _F-114A_
___ Deputy Clerk                                  Begin: _5_
Millie Turner    Susan Monacq                     End: _7_
Jeannie Hendricks  Patricia MacRostie
Jill Thornton    Judy Wenker          _P. Boyl_
Barbara Curnow                         Asst United States Attorney

Atty for Defendant _Rodriguez; C.T. Carlson_ _X_ Apptd __ Retnd

_____ __ Apptd _X_ Retnd

_Avalos: David Kroll_  __ Apptd _X_ Retnd

_____ __ Apptd __ Retnd

PROCEEDINGS:

Bail review cont to _____ Affirmed _ Reduced to_____

Bail review as to mat. witnesses: Affirmed _ Cont to _____

Deft not appearing, on mot US Atty bond forfeited and B/W issued

B/W recalled _ Forfeiture set aside _ Bond reinstated

Arr continued to _____

Deft arraigned _X_ Defts arraigned

Deft states T/N to be _____

Set for Omnibus Hearing for _____

_X_ Assigned to Judge _Turrentine_ and continued to _8-5-75 9am_
for __ Plea _X_ Disposition __ Motion or trial setting __ further proceedings
(both)
_X_ Plea: __ Guilty (count ) _X_ Not guilty (count _all_) __ Nolo contendere

Waiver of Omnibus Hearing form filed

Hearing report P/O and sentence cont to _____

Information filed this date

Waiver of Indictment

_X_ Other: _omn. hrg. form filed as to both defts._

====================================================

JUDGMENT

Imposition of sentence suspended and probation __ years __ Supervised
                                                __ months __ Unsupervised

Committed to custody Attorney General for imprisonment for a period of

Execution of sentence suspended and prob for __ years __ Supervised
                                              __ months __ Unsupervised
Restitution ordered

Fine $ _____ Commtd pend pymt fine __ exec.stayed until _____

On motion US Atty __ Indictment dismissed __ Information dismissed

Bond(s) exonerated

DATE: _8-1-75_        _5_        INITIALS _Jat_ Deputy Clerk

15

**FILED**

AUG 1 1975

CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY *Myra Roberson* DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

              Plaintiff,

          v.

Deft. #1 ANTONIO RODRIGUEZ-LUGO

Deft. #2 BENNY AVALOS-PEREZ

Deft. #3 _____

              Defendants.

No. 75-1336 Crim.

Offense(s) charged:
Title 21, §846 · 841(a)(1)
Title 21, 841(a)(1)

OMNIBUS PROCEEDING AND

ORDERS THEREON

[NOTE-Circle appropriate
portion(s) in each and
every item.]

### A. DISCLOSURE BY GOVERNMENT

**(1.)** The government will or has disclose(d) all evidence in
its possession, favorable to defendant on the issue of
guilt.

[N.A.] **(2)** The government will not rely on the Jencks Act (18 U.S.C.
§3500) except ~~with respect~~ to:  informants, if any;
cooperating codefendants, if any; and

_____

_____

[N.A.] **(3.)** The government (has) (has not) made (full) (partial)
(any) disclosure of investigative reports prepared by
the following agencies:

    a) Customs Agency Service
    b) Bureau of Narcotics & Dangerous Drugs
    c) Federal Bureau of Investigation
    d) Secret Service
    e) Immigration & Naturalization Service
    f) DEA

[N.A.] **(4.)** The government (will) (has) disclose(d) all oral,
written or recorded statements in its possession made
by defendant to investigating officers or to third
parties.

[N.A.] **(5.)** The government (has) (has not) disclosed the names of
plaintiff's witnesses and their statements, subject to
those exceptions noted in A(2), <u>supra</u>.

[N.A.] **(6.)** The government will seek to rely on prior similar acts,
if any, or convictions of a similar nature, if any, for
proof of knowledge or intent, and (will) (will not)
disclose the investigative report(s) incident thereto.

[N.A.] **(7.)** The government (will) (will not) supply the defense with
names of expert witnesses it intends to call,
their qualifications, subject of testimony, and reports.

16

[N.A.] 8. Inspection or copying of any books, papers, documents, photographs or tangible objects obtained from or belonging to the defendant (have been) (will be) supplied to defendant.

[N.A.] 9. Inspection or copying of any books, papers, documents, photographs or tangible objects which will be used at the hearing or trial (have been) (will be) (will not be) supplied to defendant.

[N.A.] 10. Information concerning prior convictions of persons whom the prosecution intends to call as witnesses at the hearing or trial (has been) (will be) supplied to defendant.

[N.A.] 11. Government will seek to use prior felony conviction(s) for impeachment of defendant if he testifies.

a) Date and type of offense: __ALL__

_____

[N.A.] 12. Any information government has indicating entrapment of the defendant (has been) (will be) supplied.

[N.A.] 13. There (was) (was not) an informant or lookout involved.

[N.A.] 14. Identity of informant or source of lookout (will) (will not) (cannot) be supplied.

[N.A.] 15. Statement of informant or information from lookout (will) (will not) be supplied.

[N.A.] 16. There (has) (has not) been any electronic surveillance of the defendant or his premises.

[N.A.] 17. Proceedings before the grand jury (were) (were not) recorded.

B.  **DISCLOSURE BY DEFENDANT**

[N.A.] 1. There (is) (is not) any claim of present mental incompetency of defendant under 18 U.S.C. §4244.

[N.A.] 2. Defense counsel states that the general nature of the defense is:

a) insanity at the time of the offense
b) lack of knowledge of contraband
c) lack of specific intent
d) alibi
e) entrapment
f) general denial.  Put government to proof.

[N.A.] 3. Defendant stipulates to prior conviction(s) listed in A.11, supra, without production of witnesses or certified copies.          (yes)          (no)

[N.A.] 4. The defense (will) (will not) supply names of expert witnesses it intends to call, their qualifications, subject of testimony, and reports.

[N.A.] 5. Defendant (will) (will not) supply the names of his lay witnesses, on the issue of sanity at the time of offense.

[N.A.] 6. Defendant (will) (will not) furnish a list of alibi witnesses.

17

(N.A.)  (7.)  Character witnesses (will) (will not) be called.

(N.A.)  (8.)  Defendant (will) (will not) furnish a list of character witnesses.

## C.  DISCOVERY MOTIONS - MAGISTRATES COURT

NOTE - CIRCLE MOVING PORTION ONLY IF DISCOVERY NOT VOLUNTARILY DISCLOSED OR TO BE VOLUNTARILY DISCLOSED BY APPROPRIATE PARTY.  RULING PORTION TO BE CIRCLED BY MAGISTRATE ONLY.

1.   The defendant moves for:

(N.A.)  a)  Discovery of all oral, written or recorded statements made by defendant to investigating officers or to third parties and in the possession of the government.
                            (Granted)     (Denied)

(N.A.)  b)  Discovery of the names of government's witnesses and their statements, subject to limitations of the Jencks Act (18 U.S.C. §3500) if relied upon under A.2, **supra**.
                            (Granted)     (Denied)

(N.A.)  c)  Discovery of names of expert witnesses the government intends to call, their qualification, subject of testimony, and reports.
                            (Granted)     (Denied)

(N.A.)  d)  Inspection of all physical or documentary evidence in government's possession.
                            (Granted)     (Denied)

(N.A.)  e)  Discovery of times, places and nature of any prior similar acts or convictions government will seek to rely on for proof of knowledge or intent.
                            (Granted)     (Denied)

(N.A.)  f)  Production of the following witnesses for hearing or trial who are under the direction and control of the government:

_____

_____

_____

_____

2.  The government moves for:

(N.A.)  a)  Discovery of names of expert witnesses defense intends to call, their qualifications, subject of testimony, and reports.
                            (Granted)     (Denied)

(N.A.)  b)  Discovery of names of defense lay witnesses, on the issue of sanity at the time of offense.
                            (Granted)     (Denied)

(N.A.)  c)  Discovery of names of defense alibi witnesses and their addresses.
                            (Granted)     (Denied)

(N.A.)  d)  Discovery of names of character witnesses and their addresses.
                            (Granted)     (Denied)

## D.  STIPULATIONS

It is stipulated between the parties:

*18*

[N.A.]  1.  That the official report of the chemist may be received
[No Stip.]     in evidence as proof of the weight and nature of the
               substance referred to in the indictment (or information).

[N.A.]  2.  That if the official government chemist were called,
[No Stip.]     qualified as an expert and sworn as a witness, he would
               testify that the substance referred to in the indictment
               (or information) has been chemically tested and is
               _____MARIJUANA_____ a substance listed in
               Schedule ___I___ of the Comprehensive Drug Abuse Preven-
               tion and Control Act of 1970.

[N.A.]  3.  That there has been a continuous chain of custody in
[No Stip.]     government agents from the time of seizure of the
               contraband to the time of its introduction into evidence
               at trial.

[N.A.]  4.  Other:

_____

_____

_____

_____


NOTE - GENERAL ORDER REQUIRING CONTINUING DUTY TO DISCLOSE

IF, SUBSEQUENT TO THE OMNIBUS PROCEEDING AND ORDERS THEREON, A PARTY
DISCOVERS ADDITIONAL EVIDENCE OR THE IDENTITY OF AN ADDITIONAL WIT-
NESS OR WITNESSES, OR DECIDES TO USE ADDITIONAL EVIDENCE, WITNESS,
OR WITNESSES, AND SUCH EVIDENCE IS, OR MAY BE SUBJECT TO DISCOVERY
OR INSPECTION UNDER THE OMNIBUS PROCEEDING AND ORDERS THEREON, HE
SHALL PROMPTLY NOTIFY THE OTHER PARTY OR HIS ATTORNEY OR THE COURT
OF THE EXISTENCE OF THE ADDITIONAL EVIDENCE OR THE NAME OF SUCH
ADDITIONAL WITNESS OR WITNESSES TO ALLOW THE COURT TO MODIFY ITS PRE-
VIOUS ORDER OR TO ALLOW THE OTHER PARTY TO MAKE AN APPROPRIATE MOTION
FOR ADDITIONAL DISCOVERY OR INSPECTION.  IF SUCH ADDITIONAL DISCOVERY
IS NOT PROVIDED 10 DAYS BEFORE THE DATE OF TRIAL, THE TRIAL COURT MAY
APPLY APPROPRIATE SANCTIONS.  IN ANY EVENT, SUCH ADDITIONAL EVIDENCE
OR WITNESSES MUST BE REVEALED TO THE COURT OR ADVERSE PARTY 3 WORKING
DAYS BEFORE TRIAL, OR THEY MAY NOT BE USED AT TRIAL, UNLESS SUCH
DENIAL WOULD RESULT IN MANIFEST INJUSTICE.  THE BURDEN SHALL BE ON
THE PARTY SEEKING DISCOVERY TO CONTACT OPPOSING COUNSEL ON THE
APPROPRIATE DATES TO ASCERTAIN IF ADDITIONAL EVIDENCE OR WITNESSES
HAVE BEEN DISCOVERED.  GENERAL ORDER NUMBER 150.

Approved:

Dated _Aug. 1, 1975_

_[signature]_
Attorney for the United States

_[signature]_
Attorney for Defendant No. 1

x _Antonio Rodriguez_
Defendant No. 1
ANTONIO RODRIGEZ - LUGO

_David K. Kroll_
Attorney for Defendant No. 2

_Benny Avalos Perez_
Defendant No. 2
BENNY AVALOS-PEREZ

Attorney for Defendant No. 3

Defendant No. 3

THE FOREGOING FORM IS APPROVED
AND THE PROVISIONS THEREIN SO
ORDERED AND EXCHANGE OF INFOR-
MATION, DOCUMENTS, ETC., SHALL
BE ACCOMPLISHED AS SOON AS
REASONABLY POSSIBLE.

Dated: _____ AUG 1 1975

_[signature]_
U. S. MAGISTRATE

20

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

U.S.A. vs. _Rodriguez-Luge Ro Avalos-Perez_____    No. 75-1336

X Present    X In custody    __ On bond    __ O/R    __ NA

| Judge | Deputy Clerk | Reporter |
|---|---|---|
| __ HON. EDWARD J. SCHWARTZ | __ Winora Zinn | __ Kathleen Ripley |
| X HON. HOWARD B. TURRENTINE | X Richard Bellman | __ Jeanette Ruggles |
| __ HON. GORDON THOMPSON, JR. | __ Victor Mohler | __ Jean Clarke |
| __ HON. LELAND C. NIELSEN | __ Robert Robinson | __ Dorothy Albright |
| __ HON. WILLIAM B. ENRIGHT | __ Milvoy Mayer | __ Joan King |
| __ HON. | __ Cynthia Freeman | X _Mea s Mull_ |
| __ HON. | | |

Asst. U. S. Attorney _S Petix_____

Atty _C D Carlson_____    for _Rodriguez____    X Apptd    __ Retrd

_Daud Knoll_____    for _Avalos_____    __ Apptd    X Retnd

_____    for _____    __ Apptd    __ Retnd

++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

PROCEEDINGS:

__ Bail review Cont to _____,  __ Affirmed, Reduced to _____

__ Defendant not appearing, on mot US Atty bond forfeited and B/W issue

__ B/W recalled    __ Forfeiture set aside    __ Bond reinstated

__ Waiver of Indictment fld    __ Information fld    __ Consent to Juv Del fld

__ Arr and Plea  X Guilty (count **2**)    __ Not guilty (count __)    __ Tendered

X Change plea    __ Nolo Contendre (count __)    __ Admit    __ Deny Juv Delqcy

__ Trial    __ Call    _____ Cont to _____
            __ Settg &    __ Hrg motions    _____ for disposition
                                            _____ for hrg motions

__ Filed waiver of jury trial

X Ref to P/O for I/R, and sentence cont to _9.8.75 @ 9A.m._

__ Hrg Rept P/O and sentence cont to _____

__ Sealed prob rept ordered    __ Prob rept unsealed & considered by court

__ Revocation of probation    __ Admit    __ Deny    __ Probation revoked
   __ cont on Probation    __ hrg cont to _____

__ Attorney _____ relieved

__ On mot US Atty indictment dismissed    __ fld judgment of discharge

__ On motion US Atty bond exonerated

__ Other:

DATE _8.5.75_
Form I                    INITIALS _RB_
                                   Deputy Clerk

6

21

CJA FORM 6

Local No. 05501

# UNITED STATES DISTRICT COURT

for the

SOUTHERN    District of    CALIF.

*FILED*

AUG 22 1975

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ DEPUTY

United States of America

                    Plaintiff

Docket No. **75-1336**

                                        ORDER
                                TERMINATING APPOINTMENT
                                      OF COUNSEL

*vs.*

BENNY AVALOS-PEREZ    Defendant

The court finds that the above defendant, for whom counsel, .......... Peter Clarke ............................................,

was appointed on the    **17th** .........day of    **July** ........., 19 **75** , is financially able to obtain counsel or to make

partial payment for the representation; On 7/25/75, retained atty. David Kroll relieved
                                                                                Mr. Clarke.

IT IS THEREFORE ORDERED that appointment of said counsel is terminated forthwith.

Dated this    *20th* ..............day of    **AUGUST** ............., 19 **75** 
            (as of 7/25/75)                                        _Edward Infante_
                                                                        (United States District Judge)

ORIGINAL - For records of United States District Court

7.

22

MINUTES OF THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

U.S.A. vs __Armand Rodriguez-Lugo__    No. __75-1336__
X Present   X In custody   On bond   O/R   NA

| Judge | Deputy Clerk | Reporter |
|---|---|---|
| HON. EDWARD J. SCHWARTZ | Winora Zinn | Kathleen Ripley |
| X HON. HOWARD B. TURRENTINE | X Richard Bellman | Jeanette Ruggles |
| HON. GORDON THOMPSON, JR. | Victor Mohler | Jean Clarke |
| HON. LELAND C. NIELSEN | Robert Robinson | Dorothy Albright |
| HON. WILLIAM B. ENRIGHT | Milvoy Mayer | Joan King |
| HON. | Cynthia Freeman | E. Marie Stull |
| HON. | | |

Asst. U.S. Attorney __S Peterson__

Atty __C J Coelsen__         for          X Apptd   Retnd.
_____         for          Apptd   Retnd.
_____         for          Apptd   Retnd.

+++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++++

PROCEEDINGS:

__ Bail review Cont to _____, Affirmed, Reduced to _____

__ Defendant not appearing, on mot US Atty bond forfeited and B/W issue

__ B/W recalled   __ Forfeiture set aside   __ Bond reinstated

__ Waiver of Indictment fld   __ Information fld   __ Consent to Juv Del fld

__ Arr and Plea   __ Guilty (count __)   __ Not guilty (count __)   __ Tendered

__ Change plea   __ Nolo Contendre (count __)   __ Admit   __ Deny Juv Delqcy

__ Trial   __ Call _____ Cont to _____
          __ Settg &   __ Hrg motions         __ for disposition
                                               __ for hrg motions
__ Filed waiver of jury trial

__ Ref to P/O for I/R, and sentence cont to _____

X Hrg Rept P/O and sentence cont to __9-15-75 @ 9 A.M.__

__ Sealed prob rept ordered   __ Prob rept unsealed & considered by cour

__ Revocation of probation   __ Admit   __ Deny   __ Probation revoked
   __ cont on Probation   __ hrg cont to _____

__ Attorney _____ relieved

__ On mot US Atty indictment dismissed   __ fld judgment of discharge

__ On motion US Atty bond exonerated

__ Other:

DATE __9-8-75__                    INIMO S ___ BB
Form J                                       Deputy Clerk

8.

23

Form 1a

## MINUTES OF THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

U.S.A. vs __Benny Avalos-Perez__        No. __75-1336__
   X Present    x In custody    __On bond    O/R    NA__

| | |
|---|---|
| __ HON EDWARD J. SCHWARTZ | X HON HOWARD B. TURRENTINE |
| __ HON GORDON THOMPSON, JR. | __ HON LELAND C. NIELSEN |
| __ HON WILLIAM B. ENRIGHT | __ HON |

| Deputy Clerk | Reporter |
|---|---|
| __ Wmora Zinn | __ Kathleen Ripley |
| X Richard T. Bellman | __ Jan Ruggles |
| __ Victor Mohler | __ Gloria Frandle |
| __ Robert Robinson | __ Dorothy Albright |
| __ Mel Mayer | __ Joan King |
| __ Donald Pellaton | X Marie Stull |

Asst. U.S. Attorney __D Peterson__

Atty for Defendant __David Knox__      Apptd X Retnd

                                      Apptd __ Retnd

                                      Apptd __ Retnd

PROCEEDINGS:

                   JUDGMENT                __ Following study

__ Imposition of sentence suspended and probation for _____ years
     5010(a)

X Committed to custody Attorney General ~~for Ct # 2~~    (S/w)

     __ Observation and study    __ 5010(e)    __ 4208(c)    __ 4252

     __ Treatment and supervision under 5010(b)

X Imprisonment for period of __3 yrs__
     __ 4208(a)(2)    X 3651 jail type inst for    __6 mos__

     Defendant 1 _____

     Defendant 2 _____

X Execution of (X Balance) sentence suspended and probation for __3 yrs__

__ Restitution ordered

     __ Fine $_____ on each count. TOTAL FINE $_____

     __ Committed pending payment fine, exec stayed until _____

X On motion U.S. Atty    X Remaining counts    __ Indictment
                         __ Information   dismissed

__ Filed judgment of dismissal

__ Bond exonerated    __ On surrender to Marshal    __ Upon payment of fine

X Special parole __THree__ years

__ Other

DATE __9-8-75__             INITIALS __RB__
                                     Deputy Clerk

9.

24

JUDGMENT AND COMMITMENT (Rev. 2-60)                                    Cr. Form No. 25

ENTERED
SEP 9 - 1975

# United States District Court
### FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT, OF CALIFORNIA
BY _Cynthia M. Turrentine_

|  |  |
|---|---|
| *United States of America* | }  |
| v. | }   No. 75-1336 - Criminal |
| BENNY AVALOS-PEREZ | } |

On this   **8th**   day of   **September**   , 19 **75** came the attorney for the government and the defendant appeared in person and¹ by counsel, David Knoll

IT IS ADJUDGED that the defendant upon his plea of²   **guilty**

has been convicted of the offense of   possession of a controlled substance with intent to distribute, in violation of 21 USC 841(a)(1), as charged in count 2 of the indictment in 2 counts

and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

IT IS ADJUDGED that the defendant is guilty as charged and convicted.
on count # 2

IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of⁴   THREE YEARS   provided, however, pursuant to 18 USC 3651 as amended that said defendant shall be confined in a jail-type or treatment institution for a period of _SIX_ months, days, and that execution of the remainder of said sentence is suspended and the defendant placed on probation for a period of _THREE_ years, on condition that he obey all laws, Federal, State and Municipal, and that he comply with all lawful rules and regulations of the Probation Department, and that if and when he is deported from the United States that he not reenter without lawful permission.

IT IS ORDERED THAT IN ADDITION TO SUCH TERM OF IMPRISONMENT, DEFENDANT IS HEREBY REQUIRED TO SERVE A SPECIAL PAROLE PERIOD OF THREE YEARS, AS PRESCRIBED BY 21 USC 841(b)(1)(B).

FEDERAL PROBATION SUPERVISION IS HEREBY WAIVED

IT IS ORDERED that the Clerk deliver a certified copy of this judgment and commitment to the United States Marshal or other qualified officer and that the copy serve as the commitment of the defendant.

HOWARD B. TURRENTINE, *United States District Judge.*

Filed: September 8, 1975
WILLIAM W. LUDDY, Clerk
By RICHARD I. BELLMAN   Deputy *Clerk.*

I hereby attest and certify on
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.

WILLIAM W. LUDDY
CLERK, U. S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy

or without counsel; the court advised the defendant of his rights to have counsel appointed by the court, and the defendant thereupon ance of counsel." ²Insert (1) "guilty and the court being satisfied guilty, and a verdict of 'guilty.'" (3) "not guilty, and a finding of y may be. ³Insert "in count(s) number _____ " if required unts if any; (2) whether sentences are to run concurrently or con- m'ts to begin with reference to termination of preceding term or to _____ unserved sentence; (3) whether defendant is to be further imprisoned until payment of the fine or fine and costs, or until he is otherwise discharged as provided by law. ⁴Enter any order with respect to suspension and probation. ⁶For use of Court to recommend a particular institution.

25

Form 1a

**MINUTES OF THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

U.S.A. vs  ANTONIO RodRiGuez-LuGo                    No. 75-1336
          X Present   X In custody   On bond   O/R   NA

| | |
|---|---|
| ___ HON EDWARD J. SCHWARTZ | X HON HOWARD B. TURRENTINE |
| ___ HON GORDON THOMPSON, JR. | ___ HON LELAND C. NIELSEN |
| ___ HON WILLIAM B. ENRIGHT | ___ HON |

Deputy Clerk                          Reporter
___ Winora Zinn                       ___ Kathleen Ripley
X Richard I. Bellman                  ___ Jan Ruggles
___ Victor Mohler                     ___ Gloria Frandle
___ Robert Robinson                   ___ Dorothy Albright
___ Mel Mayer                         ___ Joan King
___ Donald Pellaton                   x Marie Srull

Asst. U.S. Attorney   S. Peterson

Atty for Defendant  C. J. Carlson                      X Apptd  ___ Retnd
                    _____    ___ Apptd  ___ Retnd
                    _____    ___ Apptd  ___ Retnd

PROCEEDINGS:

                          JUDGMENT                    ___ Following study
___ Imposition of sentence suspended and probation for _____ years
    ___ 5010(a)
X Committed to custody Attorney General for Ct # 2   (S/w)
    ___ Observation and study   ___ 5010(e)   ___ 4208(c)   ___ 4252
    ___ Treatment and supervision under 5010(b)
    X Imprisonment for period of  3 yrs
    ___ 4208(a)(2)   X 3651 jail type inst. for   6 mos
    Defendant 1 _____
    Defendant 2 _____
X Execution of (X Balance) sentence suspended and probation for  3 yrs
___ Restitution ordered
    ___ Fine $ _____ on each count   TOTAL FINE $ _____
    ___ Committed pending payment fine, exec stayed until _____
X On motion U.S. Atty   X Remaining counts  ___ Indictment
                        ___ Information, dismissed
___ Filed judgment of dismissal
___ Bond exonerated   ___ On surrender to Marshal   ___ Upon payment of fine
X Special parole   THRee   years
___ Other

DATE  9-15-75                         INITIALS  RB
                                      Deputy Clerk

11.

26

JUDGMENT AND COMMITMENT (Rev. 2-68)                                    E N T E R E D  DEPARTMENTALES

# United States District Court

### FOR THE                                                                          SEP 16 1975

SOUTHERN DISTRICT OF CALIFORNIA                    CLERK, U.S. DISTRICT COURT
                                                                    SOUTHERN DISTRICT OF CALIFORN!"
                                                                    BY
*United States of America*

        v.                                          No.  75-1336 - Criminal

ANTONIO RODRIGUEZ-LUGO


    On this    15th    day of    September    , 19 75 came the attorney for the
government and the defendant appeared in person and¹ by counsel, C. J. Carlson


    IT IS ADJUDGED that the defendant upon his plea of²    guilty


  has been convicted of the offense of    possession of a controlled substance with intent
to distribute, in violation of 21 USC 841(a)(1), as charged in count 2
of the indictment in 2 counts


and the court having asked the defendant whether he has anything to say why judgment should not
be pronounced, and no sufficient cause to the contrary being shown or appearing to the Court,

    IT IS ADJUDGED that the defendant is guilty as charged and convicted.
              on count # 2
    IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or
his authorized representative for imprisonment for a period of⁴    THREE YEARS    provided,
however, pursuant to 18 USC 3651 as amended that said defendant shall
be confined in a jail-type or treatment institution for a period of
___SIX___ months, days, and that execution of the remainder of said
sentence is suspended and the defendant placed on probation for a period
of ___THREE___ years, on condition that he obey all laws, Federal,
State and Municipal, and that he comply with all lawful rules and
regulations of the Probation Department, and that if and when he is deported
from the United States that he not reenter without lawful permission.

IT IS ORDERED THAT IN ADDITION TO SUCH TERM OF IMPRISONMENT, DEFENDANT
IS HEREBY REQUIRED TO SERVE A SPECIAL PAROLE PERIOD OF THREE YEARS, AS
PRESCRIBED BY 21 USC 841(b)(1)(B).
FEDERAL PROBATION SUPERVISION IS HEREBY WAIVED
THE REMAINING COUNT IS HEREBY DISMISSED.

    IT IS ORDERED that the Clerk deliver a certified copy of this judgment and commitment to the
United States Marshal or other qualified officer and that the copy serve as the commitment of the
defendant.

                        HOWARD B. TURRENTINE    *United States District Judge.*
                        Filed:    September 15, 1975
                        WILLIAM W. LUDDY, Clerk
                   By _____ Deputy *Clerk.*
                        RICHARD I. BELLMAN

I hereby attest and certify on _____    ¹ or without counsel; the court advised the defendant of his rights
that the foregoing document is a full, true and correct    to have counsel appointed by the court, and the defendant thereupon
copy of the original on file in my office and in my    (instance of counsel," ²Insert (1) "guilty and the court being satisfied
legal custody.                                          not guilty, and a verdict of guilty," (3) "not guilty, and a finding of
                                                        not may be. ³Insert "in count(s) number    " if required
        WILLIAM W. LUDDY                                counts if any; (2) whether sentences are to run concurrently or con-
        CLERK, U. S. DISTRICT COURT                     ²(3) whether defendant is to be further imprisoned until payment of
        SOUTHERN DISTRICT OF CALIFORNIA                 erwise discharged as provided by law. ⁴Enter any order with respect to
By _____ Deputy    suspension and probation, etc. ⁵Use of court to recommend a particular institution.

27

## MINUTES OF THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF CALIFORNIA

HON. HOWARD B. TURRENTINE     DEPUTY CLERK: P. TAGLIAFERRI     RECORDER: JOANNE MILLER

75CR1336-T        U.S.A.     VS    ANTONIO RODRIGUEZ-LUGO (1)(B) #

HEARING ON OSC FOR                    FEDERAL DEFENDERS, INC.
VIOLATIONS OF                         BY: SHEILLA O'CONNOR
SUPERVISED RELEASE.

                                      AUSA: ORLANDO GUTIERREZ S/A: CHRIS
                                      TENORIO

======================================================================

DEFT ARRAIGNED ON OSC RE REVOCATION OF SUPERVISED RELEASE
DENIED ALLEGATIONS
DEFENDANT'S ORAL MOTION TO DISMISS OSC - GRANTED.

DATE:  7/2/01                                         PT
CC: PROBATION                                      Deputy



Z8

# FEDERAL
# DEFENDERS
# OF
# SAN DIEGO, INC.

The Federal Community
Defender Organization
for the Southern
District of California
www.fdsdi.com

September 14, 2009

Paul M. Allen, Esq.
Hill, Piibe & Villegas
Attorneys at Law
523 West 6th Street, Suite 737
Los Angeles, CA 90014

    Re:    Defendant Antonio Rodriguez-Lugo
           Case No. 75 CR 1336-T-1

Dear Mr. Allen:

    This letter is in response to your request for records relating to proceedings held on September 8, 1975. Unfortunately, those records have been purged and are no longer available. After reviewing our personnel records, we were unable to locate any records to indicate that C.J. Carlson was ever an employee of Federal Defenders of San Diego, Inc.

    Our office represented your client on a supervised release violation in 2001 that was subsequently dismissed and I am enclosing those records.

    Should you have any questions or concerns please do not hesitate to contact me.

    Sincerely,

    REUBEN CAMPER CAHN
    Executive Director

Enclosure

☑ San Diego Office
225 Broadway
Suite 900
San Diego
California
92101-5030
(619) 234-8467
FAX (619) 687-2666

☐ El Centro Office
1122 State Street
Suite E
El Centro
California
92243
(760) 335-3510
FAX (760) 335-3610

29

# DJS Contracting

PO Box 941090
Simi Valley CA 93094-1090
Phone # 805 584-2714  Fax # 805 584-2023
C/L # 776402

**September 22, 2009**

To whom it may concern

This letter is being written on behalf of Antonio Lugo.  Antonio has
been employed by DJS for the past two years as a carpenter.  He is a
hardworking and dependable employee and is a valuable asset to our
company.  He is a member and is in good standing with the Local
Carpenters Union in Ventura County.   If you need any other
information regarding Antonio's employment history or character please
do not hesitate to contact DJS at the phone number listed above or
below.

Sincerely,

Donald Simington
President
DJS General Contracting, Inc.
(805) 584-2714

30

September 21, 2009

RE: Antonio Lugo

To whom it may concern,

I am Antonio's direct supervisor and he has worked for me since 1997.  I have worked for 3 different construction companies for the period of 1997 to the present and I have hired Antonio at each of these companies.

Antonio is the type of person that you can trust when you need a job done right with little or no supervision.  He is always dependable and I rely on him to get the job done correctly and on time.

Antonio leads a crew of 4 to 20 employees on a daily basis and provides direction and guidance when needed.

Antonio Lugo is one of the best employees that I have worked with in the last 38 years in the construction business.

Antonio is honest, trustworthy, loyal and dependable.

Please give me a call if you have any questions.

Roger Blake
DJS Contracting, Inc.
Simi Valley, CA

Cell: (805) 755-3349
Home: (805) 526-1562

31

## L&H CONCRETE INC
4403 VINEYARD AVE. OXNARD, CA 93030
(805)278-2075   FAX (805)278-1656
LIC.NO.  520461

April 26, 1999

Re:     <u>Tony Lugo</u>
        <u>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</u>

To whom it may concern:

The above mentioned person worked for our Company from 1988 to
January of 1998.  During that time he was an outstanding employee.
Tony Lugo was trustworthy, dependable and showed enthusiasm in
all aspects of his work relationship.  He was a very valued employee.

Should you need further information please do not hesitate to
contact me.

Sincerely,

William H Tucker
President

COPY
32

# DDM Builders, Inc.

April 13, 1999

To Whom It May Concern:

Our firm has employed Antonio R. Lugo since January 1998. Mr. Lugo is one of our essential employees and we expect his employment to continue indefinitely.

If you should have any questions, please call.

Sincerely,

Darrin McMahon
Vice President

**1746 Duncan Street · Simi Valley, CA 93065**
**Phone 805-579-0210 · Fax 805-579-0212**

33

U.S. Department of Justice
Immigration and Naturalization Service

**Notice to Appear**

## In removal proceedings under section 240 of the Immigration and Nationality Act

File No: A73 860 102

In the Matter of:

Respondent:   ANTONIO          LUGO-RODRIGUEZ

3792
~~371~~ NYELAND AVENUE
OXNARD                                                    CA      93030

(Number, street, city, state and ZIP code)                (Area code and phone number)

RECEIVED
DEPARTMENT OF JUSTIC

JUL 1 6 2003

EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
IMMIGRATION COURT
LOS ANGELES, CALIFORNIA

- ☐ 1. You are an arriving alien.
- ☒ 2. You are an alien present in the United States who has not been admitted or paroled.
- ☐ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

A 1. You are not a citizen or national of the United States;
A 2. You are a citizen of Mexico and a national of Mexico;
P 3. You entered the United States at an unknown location in 1989;  3|1599
D 4. When you entered the United States in 1989, you were not then inspected and admitted or paroled into this country by an immigration officer;  3|1999
D 5. On March 24, 2003, your application for adjustment of status was denied;
D 6. You are present in the United States in violation of immigration law.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

① Section 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

② Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act, as amended, in that you are an alien who is not in possession of a valid unexpired immigrant visa, re-entry permit, border crossing identification card, or other valid entry document required by this Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality if such document is required under the regulations issued by the Attorney General under section 211(a).

- ☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

- ☐ Section 235(b)(1) order was vacated pursuant to:   ☐ 8 CFR 208.30(f)(2)   ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at: 606 South Olive Street, 15th Floor, Los Angeles, California 90014

on   TO BE SET      at   TO BE SET      to show why you should not be removed from the United States based on the
       (Date)                  (Time)

(Complete Address of Immigration Court, Including Room Number, if any)

charge(s) set forth above.

Date:   7/2/03

Supervisory District Adjudications Officer
(Signature and Title of Issuing Officer)

Los Angeles, California
(City and State)

**See reverse for important information**

EX. 7

**See reverse for important informa**

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice to Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

**Failure to appear:** You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

---

**Request for Prompt Hearing**

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

Before: _____                     _____
                                                                            (Signature of Respondent)

_____
(Signature and Title of INS Officer)                    Date: _____

---

**Certificate of Service**

This Notice to Appear was served on the respondent by me on _____ , in the following manner and in compliance with section 239(a)(1)(F) of the Act:
                                                                                    (Date)

☐ in person          ☒ by certified mail, return receipt requested          ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☐ The alien was provided oral notice in the _____ language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____                              _____
(Signature of Respondent if Personally Served)                    District Adjudications Officer
                                                                                    (Signature and Title of Officer)

U.S. Department of Justice
Immigration and Naturalization Service

Continuation Page for Form I-862

| Alien's Name  ANTONIO LUGO-RODRIGUEZ | File Number<br>A73 860 102 | Date<br>7/2/03 |
| --- | --- | --- |

| Signature | Title<br>Supervisory District Adjudications Officer |
| --- | --- |

36

*U.S. GPO: 1992-342 --

Transitional Immigrant Visa Processing Center
1401 Wilson Blvd., Suite 300
Arlington, VA  22209

September 10, 1992

ANTONIO LUGO RODRIGUEZ
52 SURREY CIRCLE
OXNARD C 93030

Dear ANTONIO LUGO RODRIGUEZ:

The enclosed information pertains to your interest in immigrating to the United
States of America.  The information concerning your registration is noted at the
end of the letter.

Unfortunately, visa numbers are not presently available for your use.  You will be
notified when further consideration can be given to processing your application for
immigration.  The reason for this delay is that there are more applicants for visas
than there are immigrant visa numbers available under the limitation prescribed by
law.  For some visa categories, for example F3 or F4, this delay could be many
years.  Should you wish to know which priority dates are currently being processed,
you may call the State Department's Visa Office at (202) 663-1541.

You are cautioned that you MUST NOT make any firm plans, such as disposing of
property, giving up jobs, or making travel arrangements at this time.  We have no
way of predicting when it will be possible to proceed with your immigrant visa
application.

You need not check with us further unless you need to report a change of address or
a change in your personal situation which may affect your entitlement to an
immigrant visa.

We will keep your case on file until further action is possible.  When communicating
with this office, either by telephone or letter, you must ALWAYS refer to your
name and case number exactly as they appear below.

| | |
|---|---|
| Case Number: | CDJ – 1992716429 |
| PA Name: | LUGO RODRIGUEZ, ANTONIO |
| Preference Category: | LB |
| Your priority date: | 08 April 1992 |
| Foreign State Chargeability: | MEXICO |

REMINDER:  IT IS VERY IMPORTANT TO KEEP THIS OFFICE INFORMED OF
YOUR CURRENT ADDRESS.

37

# LICENSE AND CERTIFICATE OF CONFIDENTIAL MARRIAGE

**C90-0171**

STATE FILE NUMBER

LOCAL REGISTRATION NUMBER

LICENSE NUMBER

**015469**

| | | | | |
|---|---|---|---|---|
| **HUSBAND PERSONAL DATA** | 1A. NAME OF HUSBAND—First (Given) **ANTONIO** | 1B. MIDDLE **NMN** | 1C. LAST (Family) **LUGO** | 2 DATE OF BIRTH—Month, Day, Year **SEPTEMBER 02-1954** |
| | 3. STATE OF BIRTH **MEXICO** | 4. NUMBER OF PREVIOUS MARRIAGES **NONE** | 5A. LAST MARRIAGE ENDED BY: ☐ DEATH ☐ DISSOLUTION ☐ ANNULMENT | 5B. DATE—Month, Day, Year |
| | 6A. USUAL OCCUPATION **LABORER** | 6B. USUAL KIND OF BUSINESS OR INDUSTRY **CONSTRUCTION** | | 7. EDUCATION—YEARS COMPLETED **12** |
| | 8A. FULL NAME OF FATHER **J. GUADALUPE LUGO** | 8B. STATE OF BIRTH **MEXICO** | 9A. FULL MAIDEN NAME OF MOTHER **BENIGNA RODRIGUEZ** | 9B. STATE OF BIRTH **MEXICO** |

| | | | | |
|---|---|---|---|---|
| **WIFE PERSONAL DATA** | 10A. NAME OF WIFE—First (Given) **OFELIA** | 10B. MIDDLE **NMN** | 10C. CURRENT LAST (FAMILY) **GARAY** | 10D. MAIDEN LAST (FAMILY) IF DIFFERENT THAN 10C |
| | 11. DATE OF BIRTH—Month, Day, Year **APR-16-1955** | 12. STATE OF BIRTH **MEXICO** | 13. NUMBER OF PREVIOUS MARRIAGES **NONE** | 14A. LAST MARRIAGE ENDED BY: ☐ DEATH ☐ DISSOLUTION ☐ ANNULMENT | 14B. DATE—Month, Day, Year |
| | 15A. USUAL OCCUPATION **HOUSEKEEPER** | 15B. USUAL KIND OF BUSINESS OR INDUSTRY **JANITORIAL** | | 16 EDUCATION—YEARS COMPLETED **9** |
| | 17A. FULL NAME OF FATHER **RAMON GARAY** | 17B. STATE OF BIRTH **MEXICO** | 18A. FULL MAIDEN NAME OF MOTHER **EFIGENIA MENDOZA** | 18B. STATE OF BIRTH **MEXICO** |

| | | | | |
|---|---|---|---|---|
| **RESIDENCE OF HUSBAND AND WIFE** | 19A. RESIDENCE—Street and Number **731 COLONIA RD** | 19B. CITY **OXNARD** | 19C. ZIP CODE **93030** | 19D. COUNTY—Outside California, Enter State **VENTURA** |
| | 20A. MAILING ADDRESS—If Different **SAME AS # 19A** | 20B. CITY | 20C. ZIP CODE | 20D. COUNTY—Outside California, Enter State |

**AFFIDAVIT**

We the undersigned declare that we are an unmarried man and an unmarried woman, not minors, and have been living together as husband and wife and that the foregoing information is true and correct to the best of our knowledge and belief, that no legal objection to the marriage nor to the issuance of a license is known to us, and hereby apply for a License and Certificate of Confidential Marriage.

21. SIGNATURE OF HUSBAND ▶ *Antonio Lugo*

22. SIGNATURE OF WIFE ▶ *Ofelia Garay*

I, the undersigned, empowered by the laws of the State of California, do hereby certify that the above-named parties to be married have personally appeared before me, proved to me on the basis of satisfactory evidence, have declared or affirmed that they meet all the requirements of the law, and the fees prescribed by law having been paid, do hereby authorize said parties to be married pursuant to Section 4213, Civil Code OR that this license was issued to the person performing the ceremony upon that person's presentation of an affidavit signed by the person and the parties to be married due to the inability of one or both of the parties to be married to physically appear. The affidavit explains the reason for inability to appear in accordance with Section 4213.1, Civil Code.

23A. SIGNATURE AND TITLE OF AUTHORIZING PERSON ▶

| | | |
|---|---|---|
| 23B. COUNTY OF ISSUE **Ventura** | 23C. MAILING ADDRESS AND ZIP CODE **Notary Public** **800 S. Victoria Ave.** **Ventura, CA 93009** | 24A. AFFIX NOTARY SEAL (If Applicable) **OFFICIAL SEAL** **LUIS MANUEL RECHARTE** **NOTARY PUBLIC — CALIFORNIA** **PRINCIPAL OFFICE IN VENTURA COUNTY** **My Commission Expires June 18, 1990** | 24B. "SUBSCRIBED AND SWORN TO BEFORE ME ON **February-14-1990** MONTH DAY YEAR |
| 23D. ISSUE DATE—Month Day Year **Feb. 13, 1990** | 23E. LICENSE EXPIRES AFTER—Month Day Year **May 14, 1990** | | SIGNATURE OF NOTARY |

| | | |
|---|---|---|
| **CERTIFICATION OF PERSON SOLEMNIZING MARRIAGE** | 25. I hereby certify that the above named man and woman were joined by me in marriage in accordance with the laws of the State of California. ON **February** MONTH **14** DAY 19 **90** AT **Oxnard,** CITY OR TOWN **Ventura** COUNTY **California** NOTE: THIS MARRIAGE MUST TAKE PLACE IN THE COUNTY IN WHICH THE LICENSE WAS ISSUED. | 26A. SIGNATURE OF PERSON SOLEMNIZING MARRIAGE ▶ 26B. RELIGIOUS DENOMINATION **Christian Church of Gospel** 26C. NAME OF PERSON SOLEMNIZING MARRIAGE (TYPE OR PRINT) **Luis B. Tello** 26D. OFFICIAL TITLE **MINISTER** 26E. MAILING ADDRESS **136 North "A" St. Oxnard Ca** 26F. ZIP CODE **93030** |

| | | |
|---|---|---|
| **COUNTY CLERK** | 27A. SIGNATURE OF COUNTY CLERK ▶ **RICHARD D. DEAN** | 27B. SIGNATURE OF DEPUTY CLERK (If Applicable) BY ▶ DEPUTY | 28. DATE ACCEPTED FOR REGISTRATION **FEB 16 1990** |

MUST BE LEGIBLE/MAKE NO ERASURES, WHITEOUTS OR OTHER ALTERATIONS—SEE REVERSE SIDE FOR FURTHER INSTRUCTIONS    VS 123 (6-86)

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office. RICHARD D. DEAN, County Clerk of the County of Ventura, State of California

Dated **SEP 2 4 1990**

By *Linda Mora*

Deputy County Clerk

**38**

THE UNITED STATES OF AMERICA

No. 23442979

CERTIFICATE OF NATURALIZATION



Personal description of holder as of date of naturalization:

Date of birth: APRIL 16, 1955

Sex: FEMALE

Height: 5 feet 3 inches

Marital status: MARRIED

Country of former nationality: MEXICO

*(Complete and true signature of holder)*

INS Registration No. A 92 376 581

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

*Ofelia Garay Mendoza.*

FORM N-550 REV. 6-91

IT IS PUNISHABLE BY U. S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

Be it known that, pursuant to an application filed with the Attorney General

The Attorney General having found that:

OFELIA GARAY-MENDOZA

then residing in the United States, intends to reside in the United States when so required by the Naturalization Laws of the United States, and had in all other respects complied with the applicable provisions of such naturalization laws, and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the

at: LOS ANGELES, CA

U.S. DISTRICT COURT
FOR THE CENTRAL DIST. OF CALIFORNIA
LOS ANGELES, CA

on: JULY 3, 1997

that such person is admitted as a citizen of the United States of America.

*Doris Meissner*

Commissioner of Immigration and Naturalization



DEPARTMENT OF JUSTICE

39



ACTA

# ESTADO DE CHIHUAHUA

En nombre de la República Mexicana y como Juez del Registro Civil de este lugar hago saber a los que la presente vieren y certifico:

Que en el libro Núm. __295__ de la Sección de __Nacimientos__ del Registro Civil que es a mi cargo, a fojas __155__ se encuentra un acta del tenor literal siguiente:

Al margen ACTA NUMERO __58__ Nacimiento de la __niña Ofelia Garay Mendoza__ Huella digital del pulgar derecho del niño. AL CENTRO: ESTADO DE CHIHUAHUA, A C T A DE NACIMIENTO.- En __Satevó__ Municipio de __i mismo nombre__ a las __12 doce__ Horas del día __29 veintinueve__ de __Mayo__ de mil novecientos __cincuenta y cinco__ ante mi. __Manuel Terrazas A.__ __el C.__ __Ramón Garay Prieto__ juez del Registro Civil, comparece de Nacionalidad __mexicana__ de __veintinueve__ años, de estado civil __casado__ vecino de __Satevó__ con domicilio en __Rancho de Ruiz__ y presenta __niña viva__ a quien puso por nombre __Ofelia Garay P__ hijo __legítimo__ del __compareciente__ y de la Sra. __Efigenia Mendoza__ que nació a las __15 quince__ horas del día __lo diez y seis de abril de 1955__ del año en __Rancho de Ruiz__ y manifiesta que es el __lo en el__ Matrimonio

|  | PADRE | MADRE |
|---|---|---|
| Nombre | Ramón Garay Prieto | Efigenia Mendoza |
| Edad | 29 años | 23 años |
| Ocupación | agricultor | Domésticos |
| Nacionalidad | mexicana | mexicana |
| Domicilio | Rancho de Ruiz | |

### ABUELOS PATERNOS
| Nombre | Andrés Garay | María Prieto |
|---|---|---|
| Domicilio | Rancho de Ruiz | |

### ABUELOS MATERNOS
| Nombre | Melquiades Mendoza | Teresa Hernández |
|---|---|---|
| Domicilio | Rancho Portales | |

### TESTIGOS
| Nombre | Jesús Prieto Villa | Ramón Ruiz F. |
|---|---|---|
| Edad | 62 años | 51 años |
| Ocupación | empleado | Empleado |
| Domicilio | Satevó | Satevó |

Leída la presente Acta, fue ratificada por los intervinientes, firmando los que supieron hacerlo Doy fe: __Manuel Terrazas A. Jesús Prieto Villa Y Ramón Ruiz F.__ ( R U B R I C A S ).- es copia fiel y exacta sacada de su original la que se expide y autorizo en Satevó, Chih. A los veintiun ?? de ?? de enero de Mil Novecientos Sesenta y siete.

EL JUEZ DEL REGISTRO CIVIL.

BIRTH REGISTRATION OF  ANTONIO LUGO RODRIGUEZ

Date of Birth: 9-2-54

Place of Birth: ESTIPAC, JALISCO, MEXICO

Father's Name: J. GUADALUPE LUGO RAMOS

    Nationality: MEXICAN

    Age: 34 years old

Mother's Name: BENIGNA RODRIGUEZ SALAZAR

    Nationality: NOT STATED

    Age: 24 years old

Paternal Grandparents: J. JESUS LUGO AND MA. REFUGIO RAMOS FLORES

Maternal Grandparents: RAFAEL RODRIGUEZ AND APOLONIA SALAZAR

Witnesses: IGNACIO GARCIA AND NABOR MARTINEZ

The undersigned hereby declares that I am fluent in both English and Spanish.  I translated into English, to the best of my ability, the foregoing birth certificate, and declare it is a true summary of certified copy.



                              Translator

SUBSCRIBED and sworn to before me this 14th day of January, 1991.

Margaret T. Daniel

OFFICIAL SEAL
MARGARET T. DANIEL
NOTARY PUBLIC · CALIFORNIA
PRINCIPAL OFFICE IN
VENTURA COUNTY
My Commission Exp. Dec. 11, 1992

41

NOTICE OF HEARING IN REMOVAL PROCEEDINGS
IMMIGRATION COURT
606 SOUTH OLIVE ST., 15TH FL.
LOS ANGELES, CA  90014

RE: LUGO-RODRIGUEZ, ANTONIO
FILE: 73-860-102                          DATE:  Jun 12, 2008

TO:           LUGO-RODRIGUEZ, ANTONIO
              3792 NYELAND AVENUE
              OXNARD, CA 93030

     Please take notice that the above captioned case has been scheduled for a
MASTER hearing before the Immigration Court on Jul 22, 2008 at 12:30 P.M. at:
                    606 SOUTH OLIVE ST., 16TH FL., Courtroom O
                    LOS ANGELES, CA  90014
     You may be represented in these proceedings, at no expense to the
Government, by an attorney or other individual who is authorized and qualified
to represent persons before an Immigration Court.  Your hearing date has not
been scheduled earlier than 10 days from the date of service of the Notice to
Appear in order to permit you the opportunity to obtain an attorney or
representative.  If you wish to be represetned, your attorney or representative
must appear with you at the hearing prepared to proceed.  You can request an
earlier hearing in writing.
     Failure to appear at your hearing except for exceptional circumstances
may result in one or more of the following actions:  (1) You may be taken into
custody by the Department of Homeland Security and held for further
action; OR (2) Your hearing may be held in your absence under section 240(b)(5)
of the Immigration and Nationality Act.  An order of removal will be entered
against you if the Department of Homeland Security establishes by
clear, unequivocal and convincing evidence that a) you or your attorney has
been provided this notice and b) you are removable.
     IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT
CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION
COURT LOS ANGELES, CA, THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR
TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS.
EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE
COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE
ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM
THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO
OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW
ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE
OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE
SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED
SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.
     A list of free legal service providers has been given to you.  For
information regarding the status of your case, call toll free 1-800-898-7180 or
703-305-1662.
                    CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:  MAIL (M)      PERSONAL SERVICE (P)
TO:  [ ] ALIEN   [ ] ALIEN c/o Custodial Officer  [ ] ALIEN's ATT/REP   [ ] DHS
DATE:  __6/12/08__        BY:  COURT STAFF _____
     Attachments:  [ ] EOIR-33   [ ] EOIR-
28   [ ] Legal Services List   [ ] Other       T1

## Declaration of Alary E. Piibe, Esq.

1.  I am the primary attorney in the immigration court proceedings of Antonio Lugo-Rodriguez (also known as Antonio Rodriguez-Lugo) ("Mr. Lugo") (date of birth: September 2, 1954). I have knowledge of the facts set forth herein, and, if called upon to testify, I could do so competently.

2.  Mr. Lugo was initially placed into immigration court proceedings on July 2, 2003. However, those proceedings were taken off the immigration court's calender prior to Mr. Lugo ever appearing in immigration court. These proceedings were subsequently recalendared, and Mr. Lugo appeared at the immigration court in Los Angeles, California, for the first time, on July 22, 2008. His proceedings were then rescheduled until October 29, 2008, and then until March 13, 2009.

3.  At his hearing on March 13, 2009, the immigration judge found that Mr. Lugo was removable from the United States. His proceedings were then continued until October 5, 2009, at which time Mr. Lugo may file applications for relief from removal.

4.  Because he is the beneficiary of an immigrant visa petition filed by his United States citizen wife in 1992, Mr. Lugo is *prima facie* eligible to adjust his status to that of a lawful permanent resident pursuant to section 245(i) of the Immigration and Nationality Act ("INA"), which would allow him to avoid removal from the United States.   After Mr. Lugo was found to be removable on March 13, 2009, I and my associates began to investigate whether Mr. Lugo's conviction in Case No. 75 1336 would preclude him from such adjustment of status, or any other forms of immigration relief.

5.  On August 25, 2009, after obtaining copies of all of the Court's documents in Case No. 75 1336, and attempting to obtain copies of the transcript from proceedings in Case No.

**43**

75 1336, as well as documents relating to Mr. Lugo's representation in that matter, I met with Mr. Lugo to discuss his case. I informed him that because of his conviction in Case No. 75 1336, he would be precluded from becoming a lawful permanent residence, and also from seeking cancellation of removal under INA § 240A(b)(1). His conviction renders him ineligible for such relief because it is a violation of a controlled "substance law", which renders him "inadmissible" into the United States pursuant to INA § 212(a)(2)(A)(i)(II).

6.    After informing Mr. Lugo as to the full consequences of his conviction in Case No. 75 1336, I informed him that it may be possible to vacate his conviction in Case No. 75 1336 with a "petition for writ of error *coram nobis*." On August 27, 2009, Mr. Lugo retained my law office to pursue such post-conviction relief on his behalf.

I declare under penalty of perjury of the laws of the United States and the State of California that the foregoing is true and correct. This was executed in Los Angeles, California.

Date: 9/29/2009

_____
Alary E. Piibe, Esq.
Primary Immigration Attorney for Mr. Lugo

---

**Declaration of Alary E. Piibe, Esq.**
**Re: Case No. 75 1336**

Page 2

44

**PROPOSED ORDER**

United States District Court
for the Southern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br>       v.<br><br>Antonio RODRIGUEZ-LUGO,<br>    Defendant/ Petitioner. | Case No. 75 1336<br><br>Petition for Writ of Error *coram nobis*<br>Pursuant to 28 USC § 1651(a) |

It is hereby ordered that the Petition for Writ of Error *coram nobis* Pursuant to 8 USC § 1651(a),

submitted by Defendant/ Petitioner Antonio Rodriguez-Lugo, requesting that his conviction for

violating COUNT TWO in the above entitled action be vacated, be:

_____: Granted
_____: Denied
_____: Other _____

IT IS SO ORDERED:

_____

Date                     Hon. Howard B. Turrentine
                             Judge of the District Court

Petition for Writ of Error *coram nobis* Pursuant to 28 USC § 1651(a)        Case No. 75 1336

pwa

1              <u>**CERTIFICATE OF SERVICE**</u>

2    I hereby certify that a copy of the foregoing Notice of Petition and Petition for Writ of Error

3    *coram nobis* Pursuant to 28 USC § 1651(a), as well as all supporting documents, were this date

4    personally served upon all counsel at their last known address as follows:

5

6                        U.S. Attorney's Office

7                        880 Front Street, Rm. 6293

8                        San Diego, CA 92101-8893

9

10

11        San Diego, CA this __2__ day of __Oct__, 2009.

12

13        _Paul WC_____
          Paul W. Allen, Esq.
14        Attorney for Defendant/ Petitioner, Antonio Rodriguez-Lugo

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_____
Petition for Writ of Error *coram nobis* Pursuant to 28 USC § 1651(a)              Case No. 75 1336

pwa

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Antonio RODRIGUEZ-LUGO

**DEFENDANTS** United States America

**FILED**
OCT - 2 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

**(b)** County of Residence of First Listed Plaintiff Los Angeles
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hill, Piibe and Villegas
523 W. Sixth St, Ste 737
Los Angeles, CA 90014

Attorneys (If Known)

'09 CV 2174 BEN      AJB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☑ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1651(a)

Brief description of cause: Motion to Vacate pursuant to writ of error coram nobis

## VII. REQUESTED IN COMPLAINT:
- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Turrentine      DOCKET NUMBER 75 1336

DATE 10.2.09

SIGNATURE OF ATTORNEY OF RECORD
Paul WC

**FOR OFFICE USE ONLY**

RECEIPT # 5856   AMOUNT $350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

MS 10/02/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS005856
Cashier ID: msweaney
Transaction Date: 10/02/2009
Payer Name: PAUL ALLEN
------------------------------------
CIVIL FILING FEE
 For: RODRIGUEZ-LUGO V USA
 Case/Party: D-CAS-3-09-CV-002174-001
 Amount:          $350.00
------------------------------------
CREDIT CARD
 Amt Tendered:  $350.00
------------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:        $0.00


There will be a fee of $45.00
charged for any returned check.
```