FILED

10 AUG -9 AM 10: 06

CLERK, U.S. DISTRICT ...
SOUTHERN DISTRICT OF CALIF....

BY:　　　　　　　　DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO RODRIGUEZ-LUGO,<br><br>　　　　　Petitioner/Defendant,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent/Plaintiff. | CASE NO. 09-cv-2174 BEN (AJB)<br>(Related to 75-cr-1336)<br><br>ORDER DISMISSING PETITION FOR WRIT OF CORAM NOBIS WITH PREJUDICE |

Thirty-four years afer pleading guilty to drug trafficking charges, Petitioner filed a Motion to Vacate in the Nature of a Petition for Writ of Error coram nobis pursuant to 28 U.S.C. § 1651(a) ("Petition"). For the reasons set forth below, the Petition is **DISMISSED** with prejudice.

## BACKGROUND

On or around July 16, 1975, Petitioner and his friend Benny Avalos-Perez were arrested with 425 pounds of marijuana concealed in the trunk of their vehicle. (Pet. Ex. A ¶¶ 4-5.) According to the criminal complaint, the Government had been tracking the marijuana since finding it at the Port of Entry and arrested Petitioner and his friend in Chula Vista, California after seeing their vehicle pick it up. (Pet. Ex. B at 8.)

On August 5, 1975, Petitioner pleaded guilty to a charge of violating 21 U.S.C. § 841(a)(1) for possession with the intent to distribute approximately 425 pounds of marijuana. (Pet. Ex. A at 1-2.) Petitioner was sentenced to prison for six months followed by supervised release for three years. (Pet. Ex. B at 25.) Petitioner is no longer in custody. (Pet. 1, 6.)

In July 2003, Petitioner was placed into removal proceedings in the federal immigration court in Los Angeles, California. (Pet. Ex. D.) The Government charged Petitioner as removable pursuant to 8 U.S.C. §§ 1182(a)(6)(A) (as an "alien present in the United states without being admitted or paroled..." and 1182(a)(7)(A)(i)(I) (as an "alien not in possession of a valid unexpired immigrant visa, re-entry permit, border crossing identification card, or other valid entry documents required by this Act..."). *Id.* On March 13, 2009, Petitioner was found removable pursuant to these charges and was scheduled to return to immigration court to file applications for relief from removal. (Pet. Ex. D at 43.)

On October 2, 2009, Petitioner filed the Petition currently before this Court. (Docket No. 1.) Petitioner claims he did not know he was transporting marijuana and only pleaded guilty because he did not speak English and did not understand the nature or consequences of the plea agreement. (Pet. Ex. A at 1-3.) In particular, Petitioner claims he did not understand that, by entering into the plea, he might suffer adverse immigration consequences. *Id.* Petitioner also claims his counsel never informed him of the possibility of adverse immigration consequences. *Id.* Accordingly, Petitioner seeks to vacate his conviction on the grounds that his plea of guilty was neither intelligent nor voluntary and Petitioner received ineffective assistance of counsel. (Pet. 1.)

On October 14, 2009, the Court entered a scheduling order for the briefing of the Petition. (Docket No. 2.) Notwithstanding the scheduling order, the Court finds it may determine the Petition based on the files and records of the case and without an evidentiary hearing, pursuant to 28 U.S.C. § 2255(b).

For the reasons set forth below, the Petition is **DISMISSED** as untimely.

## DISCUSSION

### I. STATUTE OF LIMITATIONS

Petitions for writ of coram nobis are analyzed in the same manner as Section 2255 habeas corpus petitions, with the major difference being that, in a petition for writ of coram nobis, the petitioner is no longer in custody. *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 2004). Under 28 U.S.C. § 2255, if "the motion and the files and records of the case conclusively show that the [petitioner] is entitled to no relief," the court may deny the petition without an evidentiary hearing.

28 U.S.C. § 2255(b). Here, the Court finds the Petition and the files and records of the case conclusively show Petitioner is entitled to no relief because Petitioner's claim is time-barred.

Statute of limitation issues must be resolved before the merits of individual claims. *White v. Klitzkie*, 281 F.3d 920, 921-22 (9th Cir. 2002). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has one year after the criminal proceedings become final to file a Section 2255 habeas petition. 28 U.S.C. § 2255(f).

Specifically, AEDPA provides,

> (f)     A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to the cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction became final on September 19, 1975, i.e., ten days after entry of the judgment on September 9, 1975 (Pet. Ex. B at 25). *United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001) ("the statute of limitations within which [petitioner] had to file her § 2255 motion began to run upon the expiration of the time during which she could have sought review by direct appeal."); 2009 Comment foll. Fed. R. App. P. 4(b) (noting that prior to 2009, criminal convictions were subject to a ten-day appeal deadline). The one-year limitations period for seeking relief in this case, therefore, expired on September 19, 1976. However, Petitioner did not file his petition until October 2, 2009, *i.e.*, more than thirty-three years later. Nothing on the record shows Petitioner can avail himself of the statutory tolling set forth in Section 2255(f). Accordingly, pursuant to the limitations period set forth in Section 2255(f), the Petition is time-barred unless equitable tolling

applies.

*United States v. Kwan*, 407 F.3d 1005 (9th Cir. 2005) is in apposite. Petitioner cites *Kwan* for the position that a petition for writ of coram nobis is not subject to a statute of limitations. *Kwan*, however, relies on cases that pre-date 1996 and, thus, predate the statute of limitations set forth in AEDPA. *Kwan* also relies on the doctrine of laches to establish the applicable filing deadline. However, the doctrine of laches, as once codified in Rule 9(a) of the Rules Governing Section 2255 Proceedings in the United States District Court, was deleted in 2004 on the grounds that it was unnecessary in light of the statute of limitations set forth in AEDPA. *See* 2004 Amendments, Rule 9(a), foll. 28 U.S.C. § 2255. Nonetheless, to the extent *Kwan* and the doctrine of laches applies, then for the same reasons that equitable tolling does not apply, as detailed below, the Court finds that laches also renders the Petition time-barred.

## II. EQUITABLE TOLLING

The United States Supreme Court recently confirmed that AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010); *see also United States v. Battles*, 362 F.3d 1195, 1197 (9th Cir. 2004) (same). However, equitable tolling only applies where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland*, 130 S.Ct. 2549, 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Harris v. Carter*, 515 F.3d 1051, 1054 (9th Cir. 2008). Thus, equitable tolling is appropriate only when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner bears the burden of demonstrating that equitable tolling applies. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005).

Courts are expected to "take seriously Congress's desire to accelerate the federal habeas process, and [] only authorize extensions when this high hurdle is surmounted." *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998); *see also Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (same). To this end, the circumstances of a case must be "extraordinary" before equitable tolling will apply. *Holland*, 130 S.Ct. at 2564. Whether a party is entitled to

equitable tolling turns on the facts and circumstances of a particular case. *Spitsyn v. Moore*, 345 F.3d 796, 801 (9th Cir. 2003) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).

In this case, Petitioner argues he could not have filed the Petition earlier because he only learned of the full consequences of his 1975 plea and during the 2009 removal proceeding. (Pet. 6.) However, ignorance or lack of knowledge of the legal system is not an extraordinary circumstance that warrants equitable tolling. *See Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1013 n4 (9th Cir. 2009) (while pro se status is relevant, a pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling"); *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (a lack of knowledge of the law is not an "extraordinary circumstance" beyond the petitioner's control sufficient to entitle a petitioner to equitable tolling of the limitations period). Additionally, Petitioner's contention is not supported by the record. Petitioner concedes he was placed into removal proceedings in 2003. (Pet. Ex. D. 34.) Therefore, at the very latest, Petitioner was placed on notice of potential adverse immigration consequences at that time. Nonetheless, Petitioner did not file the Petition until more than six years later, on October 2, 2009. Petitioner clearly did not exercise reasonable diligence in pursuing his rights.

Several other factors also weigh against equitable tolling in this case. For example, the record shows that, given the length of time, not even Petitioner has been able to obtain the file and records pertaining to his 1975 criminal conviction. (Pet. Ex. B 29.) Petitioner also does not, and probably cannot given the length of time involved, provide a declaration from his attorney regarding whether Petitioner was advised of immigration consequences when accepting the plea. *Id.* The record likewise shows the Government has been unable to obtain the files it needs to address the Petition. Specifically, the Government states Petitioner's factual allegations are made in a "veritable factual vacuum because, given the time span involved, there seems to have been an apparent lack of information about the circumstances of the underlying drug trafficking offense and the defendant's ultimate guilty plea." (Docket No. 8, 2:9-11.) Although the Government then lists various places where information may be found, such as a file with the United States Probation Department containing, among other things,

an Order to Show Cause petition, a Judgment and Conviction, and Pre-Sentence Report, none of those documents appears to contain information pertaining to Petitioner's ineffective assistance of counsel claim or showing that Petitioner's plea was involuntary. *Id.* Therefore, the only evidence available on Petitioner's claims is Petitioner's self-serving declaration filed in connection with the Petition. The clear prejudice resulting from Petitioner's untimely Petition confirms that equitable tolling does not apply.

The above circumstances plainly demonstrate that Petitioner did not pursue his rights with reasonable diligence and no extraordinary circumstances exist to justify his untimely filing. Accordingly, the Court finds equitable tolling does not apply and the Petition is time-barred.

## CONCLUSION

For the reasons set forth above, the Motion to Vacate in the Nature of a Petition for Writ of Error coram nobis pursuant to 28 U.S.C. § 1651(a) is **DISMISSED**. Because no set of facts can cure the deficiencies listed above, the dismissal is **WITH PREJUDICE**.

**IT IS SO ORDERED**.

Date: August __, 2010

Hon. Roger T. Benitez
United States District Court Judge